### The People, *ex relatione* Wilson, *against* The Supervisors of Albany.

After the supervisors of a county have passed, upon the account of a constable for removing paupers, and have allowed part, and disallowed part, a peremptory manjamus, directing them to audit and allow the account of the relator, will not be granted on the ground of the improper rejection of part of his account

THIS was an alternative *mandamus* to the supervisors of the county of *Albany*, directing them to audit and allow the relator, a constable of the city of *Albany*, his account for removing certain paupers from the city of *Albany* to the adjoining towns, or to show cause, &c.

The defendants returned, that at their annual meeting at the capitol, in the city of *Albany*, on the 1st *Tuesday* of *October*, 1814, the relator presented them an account for the removal of several paupers from *Albany* to the adjacent towns, amounting, in the whole, to 102 dollars, with the certificates of the consta-

bles of the adjoining towns, acknowledging the receipt of the paupers; which account they examined, and allowed the sum of 28 dollars thereof, and disallowed the residue, because it appeared to them extravagant, unreasonable, and unjust; and that the allowance made was according to the rates of allowance made to other constables of the county for services of the same nature; that they caused this allowance to be entered in their minutes, and directed the payment thereof by the treasurer of the county, and, then, according to the usage of their board, caused the original account of the relator, with his vouchers, to be destroyed, in consequence of which they are unable to give a detailed statement of the account; and that, on the 7th of *February* last, the relator applied to the treasurer of the county, and received from him the said sum of 28 dollars, and gave a receipt in full for the amount allowed him by the supervisors.

SPENCER, J., delivered the opinion of the court. · By the 9th section of the act for the relief and settlement of the poor, (1 *R. L.* 282.,) any constable conveying a pauper from one town to another, is to receive so much money for his services as the supervisors of the county shall judge he reasonably deserves to have, to be raised, &c.

The office of a writ of *mandamus* is, to require the person or persons to whom it is directed to do some particular thing therein specified, which appertains to their office and duty, and which the court issuing it has previously determined, or, at least, supposes to be consonant to right and justice. If the party making the application has a legal right, and no other specific legal remedy, the writ generally goes. (*Bac. Ab. Manda.* 527. 3 *Bl. Com.* 110.)

In the present case, whatever may be thought of the reasonableness of the allowance of the supervisors to the applicant, he has no legal right to any particular sum. He has no right to any money for the services performed, but such as the supervisors shall, in their discretion, judge him entitled to. Had they refused to hear his application, and to examine and pass on his account, a *mandamus* would have been proper to compel them to do so. Should we grant a peremptory *mandamus*, what would be its command? Certainly not to allow any specific

sum; that would be taking upon ourselves a discretion which the legislature have vested in the supervisors; we could only command them to examine the applicant's accounts, and, in the words of the statute, allow him, for his services, such sum as they shall judge he reasonably deserves to have; and this has been already done.

Wherever a discretionary power is vested in officers, and they have exercised that discretion, this court ought not to interfere, because they cannot control, and ought not to coerce that discretion. In *John Giles's* case, (2 *Str.* 881.,) a *mandamus* was moved for to certain justices to grant him a license to keep an ale house; it was opposed, on the ground that it was discretionary in the justices, and the court refused it, saying, there never was an instance of such a *mandamus*.

I recollect an application on a *mandamus* being made to this court, when I was at the bar, by a gentleman who wished a public road laid out to suit his convenience. I opposed the application, on the ground that the commissioners had a discretion to lay it out or not, as they saw fit; and that it was not a case for a *mandamus*, the applicant having no legal or precise right. The court were about denying the motion, and the application was withdrawn.

This may be a hard case, and the party may be remediless; but that consideration cannot induce us to grant an unfit, and, as I believe, a nugatory remedy. The application for quashing the return, or requiring a further return, must be denied.

Application denied.