*Exparte*, E. NELSON.

ASSUMPSIT, in the Common Pleas of *Onondaga*, by *Taft* against *D. & E. Nelson*, upon a joint note. *D. Nelson* pleaded the general issue. *E. Nelson* pleaded *infancy*. Replication—that *E. Nelson* was of full age. On the trial, *E. Nelson* proved his infancy, and on motion, the Court below allowed the plaintiff to enter a *nolle prosequi* as to him without costs.

*J. R. Lawrence*, (at the last term) moved for a mandamus, commanding the Judges so to modify the rule as to grant costs. He said our statute (1 R. L. 343, s. 2,) was a transcript from the 8*th Eliz.* giving costs upon a *discontinuance*, &c. In *Cooper* v. *Tiffin*, (3 T. R. 511,) a question arose under that act, whether the defendant should have judgment for costs upon a *nolle prosequi*. The Court said this could not be distinguished in reason, from a *discontinuance*, and they granted costs. He referred also to 2 *Tidd*, 899.

*Noxon*, contra. *Cooper* v. *Tiffin*, was the case of a *sole* defendant. A *nolle prosequi* was, therefore, equivalent to a *discontinuance*. The 11*th sec. of the stat.* (1 R. L. 345,) gives costs on *non pros discontinuance*, or *nonsuit*, in the discretion of the Court. In this case the action continues, though one defendant is discharged. In *Hartness et al.* v. *Thompson et ux.* (5 *John. Rep.* 160,) it was decided, contrary to *Chandler* v. *Parks & Danks*, (3 *Esp. Rep.* 76,) and *Jaffray* v. *Frebain et al.* (5 *id.* 47,) that where one of several joint defendants pleaded infancy, the plaintiff might enter a *nolle prosequi* as to him. But there is nothing said in that case about awarding *costs*. Upon a *nolle prosequi*, the

Where an action is commenced against several defendants jointly, and a *nolle prosequi* entered as to one, he is not entitled to costs, as of course; as where one defendant pleads infancy, and a *nolle prosequi* is entered, as to him, upon the trial. And where a court of common pleas refused costs to a defendant under these circumstances, this court refused to interfere by *mandamus*.

Allowing costs upon a *nolle prosequi*, is a matter of discretion; and the C. P. having exercised their discretion, by refusing costs, this court have no power to interfere by *mandamus*.

Even, if giving judgment, omitting costs, is error, the proper remedy is by writ

of error, not *mandamus*. A *mandamus* is proper where a party has a legal right, and there is no other appropriate legal remedy, and when, in justice, there ought to be one. But where a discretion is vested in any inferior jurisdiction, and that discretion has been exercised, *mandamus* will not be granted, for this court cannot control, and ought not to coerce that discretion.

plaintiff is not amerced *pro falso clamore.* (1 *Tidd,* 632, mentioned with approbation by *Spencer* J. 20 *John. Rep.* 122-3.) The entry, in this case, does not dispose of the whole cause of action. It is a discharge of but one defendant, and is like entering a *nolle prosequi* upon one of the *counts* in a declaration, where costs are not allowed. (*Hubbard* v. *Biggs,* 16 *East,* 129.)

*Lawrence,* in reply. Costs was not the question in *Hartness* v. *Thompson.* And when *Tidd* says that the plaintiff is not to be amerced *pro falso clamore,* he is merely giving directions as to the form of the record. Besides, it will be seen by *Davies* v. *Hoyle,* (1 *Str.* 574,) which was a *nolle prosequi* upon a part of the counts, after judgment upon demurrer upon *one* of them, that judgment *pro falso clamore* need not be entered. It is different where a *nolle prosequi* is entered to the *person.*

*The Court,* on the authority of *Cooper* v. *Tiffin,* inclined to the opinion, that the Court below erred in refusing the defendant, *E. Nelson,* his costs. They refused, however, to make the rule for the mandamus absolute, but gave opportunity for further argument and consideration, by a

Rule to shew cause.

*Butler,* now showed cause. He produced the statement of the Judges in the Court below, in answer to the rule to shew cause, that the *relator* pleaded, separately, his infancy—that the cause proceeded to trial—the infancy was proved, and the Court thereupon suffered the plaintiff to enter a *nolle prosequi* without costs, and to proceed against the other defendant. He also produced an exemplification of the judgment record, by which it appeared that judgment had been rendered and perfected in the Court below, according to that decision.

He insisted, 1. That this is not a proper case for a mandamus. When there is a *discretion,* this remedy lies in those cases only, where the inferior Courts refuse to enter-

tain jurisdiction.(a)  The statute of costs(b) provides that " where any person shall sue, &c. if, after declaration put in, he shall suffer the suit to be *discontinued,* &c. then, &c. the Court may, *at its discretion,* adjudge costs to the defendant, &c. and for which the defendant may have execution, &c. and for that purpose the defendant shall be entitled to make up and file his judgment record, or record of discontinuance, &c."  By this statute, a *discretion* is given, with the exercise of which this Court will not interfere.

ALBANY,
October, 1823.

EXPARTE,
NELSON.

(a) *Hull* v. *The Supervisors of Oneida,* 19 *John.* 259, 262.
(b) 1 *R. L.* 345, s. 11.

[WOODWORTH, J.  In *Hull* v. *The Supervisors of Oneida,* we declared that we would not correct a mere exercise of discretion by the board, in auditing the amount of expense to be allowed a county pauper.  Beyond this, we did not mean to go.  In such a case, there is no settled standard or rule of discretion ; but it is different with a judgment.]

*Butler.*  In *Jansen et al.* v. *Davison,*(c) the Court of Common Pleas had acted, and the Court refused to interfere by *mandamus,* but put the party to his writ of error.(d) So here, a judgment is rendered, which may be a proper subject for a writ of error, but cannot be corrected by *mandamus.*

(c) 2 *John. Cas* 72.
(d) *Vid. Exparte Bostwick, ante,* 143.

2. If *E. Nelson* is entitled to costs, it must be in virtue of the 11*th section,* already adverted to, and the construction put upon that section in *Cooper* v. *Tiffin,* cited upon the former argument.  This decision was followed up by that in *Morton's Executors* v. *Croghan.*(e)  The law of these cases is not questioned, but they do not apply.  The plain distinction is, that in those cases, the *nolle prosequi* operated against all the defendants, and was a *total* discontinuance of the action. In this case, it is a *partial* discontinuance—as to one defendant only.  It is a familiar principle, that statutes concerning costs, are to be construed *strictly.*(f )  In *Hullock's Law of Costs,* 144, the cases will be found in which this rule has been applied.  The one which is most strikingly analogous, arose under the general provision in the English statute corresponding to the 2*d section* of ours,(g) that where judgment is given for the defendant, or the plaintiff be nonsuited, the former shall have costs.  Now, before

(e) 20 *John.* 122.

(f) *Dibben* v. *Cook et al.* 2 *Str.* 1005. *Ingle* v. *Wordsworth et al.* 3 *Burr.* 1284. 1 *Bl. Rep.* 355, S. C.
(g) 1 *R. L.* 343.

ALBANY,
October, 1823.

EXPARTE,
NELSON.

(h) *Vid.* 1 R.
L. 345, s. 10.
   (i)  *Hul-
lock,* 144.

(j) 1 R. L.
345.

the 8 & 9 *W.* 3, *ch.* 11, *s.* 1,(h) which provided that where one of several defendants succeeds, he shall recover costs, the uniform course was to refuse costs to the defendant in such a case. To avoid this evil, legislative provision was made.(i) The 11*th section* is general in its provisions, like the second. And within the reason of the practice under that section, an act of the legislature is equally necessary to give a defendant costs in cases of *discontinuance* and *nolle prosequi.* The 10*th section,*(j) applies only to *trespass, assault, false imprisonment,* or *ejectment.* These are the only actions in which one defendant, among several, by our statute, can recover costs, even on a *verdict of acquittal.* It does not extend to this action, which seems to be a *casus omissus ;* and the present case remains yet unprovided for, in this particular. The reason, probably, is, that it so rarely happens in actions arising *ex contractu,* that a verdict can be different as to different defendants. The close of the 11*th section* speaks of a judgment record and execution in favour of the defendant. This evidently means in favour of all the defendants ; otherwise there can be no record of the defendant. Only one record can be filed. ᵗ ꜱen how is a defendant to collect his costs ?

[WOODWORTH, J. Might not the whole matter be contained in a single record ?]

*Butler.* There can be but one taxation and one record even where the defendants *sever* and all succeed. No case can be found in the books like the present. Where a *nolle prosequi,* as to one, works a discharge of all, as in *Morton's Executors* v. *Croghan,* the whole suit is discontinued, and costs are therefore given. The phraseology of the 11*th section* is the same as the 2*d,* so far as the number of defendants is concerned.

But these two sections differ materially as to the obligation to allow costs. The 2*d is imperative*—the 11*th* is not so ; but, on a discontinuance, &c. refers it to the *discretion* of the Court. The 10*th section* provides, that in certain actions for *tort* and verdict for one defendant, the plaintiff shall not, even in those cases, be subjected to costs, where the

Judge certifies that there is reasonable cause for making him a defendant. In both cases, then, there is a discretion to exercise. Has there been, in this case, a sound exercise of that discretion ? A single defendant, pleading an insolvent discharge, is one case in which this Court do exercise a discretion in allowing the plaintiff to discontinue without costs.(*k*) It is an instance wherein this provision of the statute has been often acted upon. Is the case, in the Court below, a stronger one for the defendant ? The plaintiff cannot, perhaps, know of the infancy until the moment of trial. In *Hartness* v. *Thompson*, cited on the former argument, no costs appear to have been given ; and in *Pell* v. *Pell*,(*l*) there was a *nolle prosequi*, and the Court, on motion, allowed a discontinuance, on simply paying the costs of the motion. This is like entering a *nolle prosequi* as to one *count* alone, and proceeding upon the others, in which case costs do not follow.(*m*) Where is the difference ?

*J. A. Spencer*, in support of the rule. I shall say nothing as to the point first made on the other side, because I do not consider the question, in the Court below, as resting in their discretion. Where they refuse to give a proper judgment, this Court will rectify it by writ of *mandamus*.

The 10*th section* is confined to certain actions for *tort* only, and embraces those cases, alone, where the defendants *sever* in their defences. In such a case, separate fees for *retainer* are not allowed, but after *retainer*, separate costs are allowed to each. There are but few actions arising, *ex contractu,* in which defendants have a right to *sever*, which, probably, accounts for the absence of any similar provision on this head. Infancy and insolvency are two of the cases in which *severance* is authorized. It is said that here is but a partial discontinuance, like entering a *nolle prosequi* to one count of a declaration. But the distinction is between the *cause of action* and the *person :* where a part of the former is discontinued, costs may not be allowed—otherwise, where the whole is discontinued, and the person totally discharged. This, then, is a complete discontinuance, like that in *Cooper* v. *Tiffin.* In both cases, the *person is* wholly discharged.

---

ALBANY,
October, 1823.

EXPARTE,
NELSON.

(*k*) *Hart* v. *Story,* 1 *John. Rep.* 143. *Merchants' Bank* v. *Moore,* 2 *John. Rep.* 294. *Ludlow* v. *Hackett,* 18 *John.* 252. (*l*) 20 *John.* 126.

(*m*) *Dunl. Pr.* 227.

The plaintiff cannot complain of this. He sustains no inconvenience, for he might have sued the adult separately, and averred the infancy of the other defendant. In cases of insolvency and a discharge, after suit brought, the plaintiff may discontinue, it is true, but not if the discharge existed before the suit, nor indeed if obtained after, provided the plaintiff take issue and go to trial.(*n*) The defence here is personal, and confined to the infant alone, as exclusively as the insolvent's discharge applies to him. Both stand on the same footing, then, as to costs upon a discontinuance. And this case is a very strong one, for the plaintiff not only *takes issue* upon the infancy, but *goes to trial.*

(*n*) *Ludlow
v. Hackett,* 18
*John.* 252.

It is true, that the 11*th section* does not speak of *co-defendants,* but it takes the singular number, which applies to any one of the defendants, and thus operates in favour of each.

I have not the gentleman's difficulty in getting costs. The defendant *severs,* goes to trial, and is acquitted. Why not make his own record ? This may be done as well as in trespass ; or the Court may direct the whole matter to be included in one record, making this a part of the rule for the *nolle prosequi.* The case of *Hartness et al.* v. *Thompson et al.* cited from 5*th Johnson,* does not raise the question as to costs.

WOODWORTH, J. I am satisfied, on further consideration, that we were wrong in our impressions at the last term. The 11*th section,* upon which the defendant claims to be allowed his costs, provides, that if the plaintiff shall, after declaration, suffer the *suit* to be discontinued, the Court may adjudge costs to the defendant. It makes no provision for a discontinuance as to one of the defendants, and, I think, it applies only to a discontinuance, as to *all the counts,* and *all the defendants.* The 2*d section* provides, that in every case, where a plaintiff would recover costs upon a verdict for him, the defendant shall have costs upon a verdict against the plaintiff. Now, the English statute, from which this is copied, was not construed to give one defendant his costs, where he alone, among several defendants, was ac-

quitted. And this defect gave rise to our 10th *section*, which is, however, confined in its language, to the acquittal of one defendant by *verdict*, in certain actions arising *ex delicto*. The same rule of construction applies to the 11th *section*. This not being an abandonment of the whole action, I am of opinion that the plaintiff had a right to enter a *nolle prosequi*, and the Common Pleas a right to permit this to be done without costs. Indeed, I think the statute never intended to give costs to a single defendant, in an action like this, arising *ex contractu*. *Cooper* v. *Tiffin*, was an abandonment of the entire action, and the case from *Otsego*, of *Morton's Executors* v. *Croghan's terre-tenants*, in the 20th *Johnson*, is a similar instance.

SUTHERLAND, J. It was taken for granted on the former argument. and we certainly took it for granted, when we directed the rule to shew cause, that the statute extended to a *nolle prosequi* as to one of several defendants ; and the main question then made was, whether a *nolle prosequi* was to be deemed within the statute, according to the case of *Cooper* v. *Tiffin*. This being the case, and the Court of Common Pleas having refused to give a judgment for costs, we granted the rule, upon the principle, that the Court below having refused to act, we would put them in motion. I concur, however, that there is nothing to take this case out of the rule of construction which governed upon the acquittal of one defendant among several, under the 2d *section* of the statute of costs, before the adoption of the provisions of the 10th *section*.

SAVAGE, Ch. J. A *mandamus* is proper, where a party has a legal right, and there is no other appropriate legal remedy. and where, in justice, there ought to be one.(o) But where a *discretion* is vested in any *inferior jurisdiction*, and that discretion has been exercised, a *mandamus* will not be granted, because this Court cannot control, and ought not to coerce that discretion.(p)

Neither will a *mandamus* be granted, where error will lie. In *Jansen and others* v. *Davison*,(q) the Court below, on a recovery for less than $25, refused to give judgment for

*Margin notes:*

ALBANY, October, 1823.

EX PARTE, NELSON.

(o) *Rex* v. *Barker et al.* 3 *Burr.* 1265. *The People* v. *The Supervisors of Albany*, 12 *John.* 414.

(p) 12 *John.* 416.   19 *id.* 262.

(q) 2 *John. Cas.* 72.

ALBANY,
October, 1823.

EXPARTE,
NELSON.

(r) 20 John.
122-3.

(s) 1 R. L.
345.

(t) Hart v.
Story, 1 John.
Rep. 143.
Merchants
Bank v.
Moore, 2 id.
294. Ludlow
v. Hackett, 18
id. 252.

costs, and this Court denied the writ, saying, "the Court below have exercised their judgment on the question of costs ; if they were· wrong, it was an error of judgment merely, and the proper remedy is by writ of error."

There is no question about the authority of the Court, to permit a *nolle prosequi* to be entered in this case ;(r) and the only subject of complaint is, that the defendant was not allowed the costs of his plea of *infancy*, and of his witnesses to prove it. By the *11th section* of the *act concerning costs*, passed *April 12th,* 1813,(s) it is enacted, that " if, after declaration put in, he (the plaintiff) shall suffer the suit to be discontinued, or otherwise shall be non-suited in the same, then, and in every such case, the Court may, at *its discretion*, adjudge costs to the defendant." This discretion, it is said, is not arbitrary, but a sound legal discretion. It is, however, the same discretion, in the exercise of which, this Court has allowed the plaintiff to discontinue, *without costs*, where the defendant is discharged under the insolvent act.(t) Had the plaintiff asked leave to enter his *nolle prosequi*, on receiving the defendants' plea of infancy, and the motion had been granted without costs, I very much doubt whether the *discreetness* of such a decision would have been questioned. If so, then the Court may still be correct, for it might be, that the plea could not have been supported. In my judgment, the defendant asks for costs with a very ill grace, when he has first palmed himself upon the plaintiff as an *adult*, and thus obtained his property, and then pleads *infancy* in his discharge.

But if this ground be not sufficient to resist this motion, there is another, which is, that the proper remedy is by writ of error. The Court of Common Pleas did not refuse to give judgment at all. They have rendered a *judgment*. If they have erred, it is an error of *judgment;* and a *mandamus* is not the appropriate remedy.

Besides ; the language of the act is, " if he shall suffer *the suit* to be discontinued, or otherwise shall be non-suited in the same." Now, the entering of a *nolle prosequi*, as to *one defendant,* is neither a discontinuance of the *suit,* nor a non-suit. The defendant, therefore, is not within the letter of the act, and I am not aware of any decision which brings

him within its provisions. In *Cooper* v. *Tiffin*,(u) the *suit* was discontinued, and the defendant had costs; but in *Hubbard* v. *Biggs*(v) the plaintiff entered a *nolle prosequi* as to some of the counts, without costs either way. There is no adjudged case in favour of the defendant, and the analogies, in my opinion, are against his right to costs.

On the whole, therefore, I am of opinion, that the mandamus should not issue.

ALBANY,
October, 1823.

(u) 3 *T. R.*
511.
(v) 16 *East*
129.

Rule to shew cause discharged.