Mr. Justice Wells
delivered the opinion of the Court.
Mr. Oh. J. Murray concurred.'
*178 The first question which suggests itself to the consideration * of the Court on this appeal is, whether a [178] mandamus is the appropriate remedy to compel an auditing officer to .correct a manifest error in his accounts, where said error has arisen from his erroneously pursuing a law, which was subsequently declared void ?
There appears to be no dispute as to the correctness of the items charged, and the only point raised is, whether such items were charged to the proper fund; and if not, whether the relator can resort to this remedy for relief:
The statutes of 1850, p. 64, § 13, provide as follows: “There shall be paid annually out of the General Fund, to the order of the Governor, a sum not exceeding five thousand dollars, to defray the contingent expenses of administering the Government of the State.” This fund is kept in a separate account by the Comptroller, and is denominated “The Governor’s Contingent Account.”
First, then, can the exercise of the functions of this writ of mandate be invoked in this case ?
We are of opinion that it can. It properly issues in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. And we, think that this is precisely such a case. It is clear, from an examination of the statutes, that the items enumerated were improperly charged to the Contingent Fund. This error was made by an officer under a void Act, and although this Court has declared that Act invalid, the account remains charged as before such decision; the result of which is a positive wrong to the relator, who is left without any adequate remedy for the recovery of money justly due him in the ordinary course of law; and hence this proceeding is properly brought.
It is true that Courts of law have uniformly refused to allow the rule for a mandamus to issue, when it was to compel a person, inferior officer, Court or corporation to act in ■any particular manner, where such person, officer, Court or corporation was invested with discretionary power.
Whenever a discretionary power is vested in officers, and ■they have exercised that discretion, the Courts will not in *179 terfere, because they cannot control and ought not [179] to coerce that * discretion. (See Wilson v. Supervisors of Albany, 12 Johns. 414, 416; Commissioners of the Poor, etc., v. Lynch, 2 McCord, 170.)
In Hull v. Supervisors of Oneida, 16 Johns. 259, a mandamus was applied for, to compel the Supervisors of Oneida to audit and allow a bill for a surgical operation on a transient pauper; and it was shown in answer to the rule, that the Supervisors had acted on the subject and audited the bill, but at a very small amount; and the Court denied the application, on the ground that the Board of Supervisors were endowed with a discretion by statute which the Court could not control. Many other cases which sustain this position will be found' in the notes appended to the report of the case of Fish v. Weatherwax, in 2 Johns. Ca. 217, § 34, § 31 of notes.
"We dwell upon this point and refer to these cases by way of illustration, for the purpose of showing, not only the reasoning adopted by the Courts, but the extent to which the decisions have gone, or rather to show the limitation that has been prescribed by the authorities in the boobs; and to present more distinctly the difference between the position which has been urged here, and the point upon which this case must turn.
It is not now denied that mandamus may be resorted to by the superior tribunal to compel an inferior officer to do the act which is sought to be enforced, in all cases where the officer has no discretion, and where he is under obligation to do the specific act; on the contrary, the general rule, as adopted by recent decisions, is, that wherever the principles of substantial justice require that a certain act should be done, and there is no adequate remedy in the ordinary, course of law, the Superior Court will inquire into the matter, and administer the proper remedy, by directing the officer to do that which justice requires; and this-is upon the recognized maxim that there cannot be a wrong without a remedy.
In such cases, this writ is always liberally interposed for the benefit of the citizen and the advancement, of justice.
*180 But we cannot go to the extent prayed for by the relator, and direct that the Comptroller shall audit and pay the account presented, which includes other and distinct items; for that is a discretionary power with him. All that we can say is, that * under the prayer for general [180] relief, we will direct that the items which have been erroneously charged to the Contingent Fund, for printing and the salary of the Secretary of the Executive, shall be charged to the General Fund, and that the Contingent Fund be credited therewith; and that if warrants were drawn or demands lawfully made by the relator, before the expiration of his term of office, and while in possession of his authority as the executive officer of the State, that then the Comptroller shall audit such demands, and, if correct and legal, shall pay the same, out of any balance of the Contingent Fund that may remain after the correction of the errors above set forth.
We cannot direct the defendant how to audit the account, but we may direct him to audit the same, without attempting to control or coerce his discretion.
The Court below erred in refusing the writ of mandate to issue for the purpose of commanding the defendant to correct the errors in his said account.
The judgment of the Court below is reversed, and it is ordered that the writ prayed for be issued in accordance with this opinion.