Nov. Term,
1858.

THE BOARD OF TRUSTEES OF FRANKLIN TOWNSHIP, COUNTY OF RIPLEY, *v.* THE STATE on the relation of HARDING.

THE BOARD
OF TRUS-
TEES, &C.
*v.*
THE STATE.

Under the statute of 1852, as under that of 1843, a mandamus will not be granted where the party applying for the writ has a different remedy.

Under the statute of 1852, relative to township business, and the school law of 1855, a copy of a claim against a township, and of the allowance of it, attested by the township clerk, is a sufficient order upon the treasurer; and the claimant, having a sufficient remedy upon such copy, &c., cannot have a writ of mandate to compel the issuing of an order.

APPEAL from the *Ripley* Circuit Court.

*Friday,*
*December 3.*

At the *February* term, 1857, of the *Ripley* Circuit Court, *Stephen S. Harding* filed his affidavit, on which he moved the Court for a writ of mandate against the board of trustees of *Franklin* township, of *Ripley* county. The writ was issued in the alternative form, and made returnable at the same term. The facts set forth in the affidavit, which are embodied in the writ, are substantially as follows: Two of the school districts of *Franklin* township, of *Ripley* county, which existed prior to the taking effect of the school law of *June* 14, 1852, were indebted to *Harding* for materials furnished in the erection of school-houses in the respective districts—the indebtedness of one of the districts having accrued on the 20th day of *November*, 1850, and of the other on the 10th day of *February*, 1853—the indebtedness of each district being evidenced by a promissory note, executed to *Harding* by the district trustee. The affiant avers that the township was indebted to him in the sum of 205 dollars, 67 cents, for the consideration aforesaid, and that, on the 12th day of *January*, 1856, he applied to the board of trustees of *Franklin* township, for the allowance of his claims, and the same were thereupon approved and allowed, and entered of record. On the 28th day of *February*, 1857, he demanded of the board that they cause to be entered on their records, an order specifying the fund out of which said allowance should be payable, and also demanded of said board an order on their treasurer for the amount so allowed, payable out of any

Nov. Term,
1858.

THE BOARD
OF TRUS-
TEES, &c.
v.
THE STATE.

funds in the hands of such treasurer, or which should come into his hands, liable to be applied to such payment. The board refused to issue the order. He then avers that there were funds in the hands of the treasurer out of which the sum so allowed him, or some part of it, might have been paid. And inasmuch as he has "no other specific and adequate remedy," he prays for a writ of mandate, requiring the board of trustees to issue an order on the treasurer of the township for the amount specified in the allowance.

The trustees appeared and moved the Court to quash the writ, and also demurred to the writ and complaint. The Court overruled both the motion and the demurrer, and the defendants excepted. The township then filed an answer, but, in the view taken of the case, it need not be further noticed.

The cause was tried by the Court on the general denial. The Court found for the plaintiff, and adjudged that a peremptory mandate issue. The bill of exceptions presented by the defendants sets out the evidence in full. The plaintiff introduced the record of the board allowing his claim; and the defendants proved by the same record that one of the trustees protested at the time against the allowance, the other two members of the board being present; which was all the evidence given in the cause.

Thereupon the defendant moved the Court for a new trial—

1. Because the finding of the Court was unsupported by the evidence.

2. Because the judgment was unauthorized by law.

Which motion the Court overruled, to the overruling of which, and pronouncing judgment for the plaintiff, the defendant excepted.

HANNA, J.—It is insisted by the appellant that the following errors occurred in the rulings of the Court below:

1. In overruling the demurrer to the writ, and the motion to quash the same.

2. In sustaining the demurrer to the third paragraph of the answer.

Nov. Term,
1858.

THE BOARD
OF TRUS-
TEES, &c.
v.
THE STATE.

3. In finding for the plaintiff on the evidence, and pronouncing judgment thereon over the motion for a new trial.

Previous to the adoption of the R. S. of 1852, the legal principle had been recognized in this Court, that a mandamus would not be granted where the party applying had a different legal remedy. *Marshall* v. *The State*, 1 Ind. R. 74.— *The Comm'rs, &c.* v. *Hicks*, 2 *id.* 530. These decisions were made under the statute then in force, to-wit, R. S. 1843, p. 939, §§ 70, 71, the first of which authorized the Supreme Court to grant such writ when it was necessary and proper to the due exercise of the jurisdiction and powers of such Court, and the second was as follows: "In all other cases where proceedings by such writ are proper and necessary, such writ shall issue out of the Circuit Court," &c.

The first question in this case is, whether, in applications for a writ of mandate, under our present statute, the same rule shall prevail as under the former. Section 739, 2 R. S. p. 197, provides that "Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station."

It is said that this statute, considered in connection with our system of practice, enlarges the powers of Courts as to granting such writs. In other words, that, under the former statute and practice, the power did not exist in our Courts to grant such writs; but that such right now exists, and may be exercised in cases where there may be a different legal remedy.

As before stated, this Court has heretofore decided that a mandamus is proper only where some legal right has been refused or violated, and there is no other appropriate legal remedy. This position is amply supported by authority. See Bac. Abr. tit. Mand. 527; 3 Blacks. Comm. 110; *The People* v. *Sup. of Albany*, 12 Johns. 414; *Hull* v. *Sup. of Oneida*, 19 *id.* 260; *Ex parte Nelson*, 1 Cow. 423; 2 *id.* 479; 3 *id.* 59; 6 *id.* 392; 7 *id.* 363; 1 Wend. 297.

Nov. Term,
1858.

THE BOARD
OF TRUS-
TEES, &c.
v.
THE STATE.

As the remedy was thus regarded as an extraordinary one, under the former practice—one not usually resorted to—we cannot believe that it was the intention of our lawmakers, by the enactment of the present statute, to make it an ordinary remedy to be appealed to for the collection of debts, or the enforcement of other similar rights.

The affidavit, in this case, avers that there was an indebtedness by the township to the said *Harding*, which had been acknowledged by the board of trustees by an entry on their records to that effect, signed by the president and attested by the clerk. It is said the demurrer admitted this. If so, then the plaintiff had an ample remedy by a simple action against the township, as for any other debt that might be due him from that corporation. He was not, therefore, entitled to this extraordinary remedy to enforce the collection of his debt, even if the township was liable therefor, of which it is not necessary for us to give any opinion.

But it is said he does not seek the collection of the debt, but to compel the trustees to issue to him an order, as an evidence of such debt, payable out of a particular fund.

Each civil township is a body corporate, having for officers a board of trustees, a clerk, and a treasurer. 1 R. S. p. 495.

The board of trustees designate one of their number as president (*Id.* § 6), who, among other duties, shall sign the record of each meeting. *Id.* § 9. The clerk keeps a true record of all the proceedings of the board, in a book, and attests the same, &c.—*Ibid.* Section 10 is as follows: "The treasurer shall receive all moneys belonging to the township, and pay the same out, to the order of the trustees, signed by the president of the board thereof, and attested by the township clerk." These are the provisions as to the ordinary township business.

By the school law of 1855 (Acts of 1855, p. 162, § 4), it is provided that "each civil township in the several counties in this state is hereby declared a township for school purposes, and the trustees for each township, trustees for school purposes, and their clerk and treasurer shall be the

clerk and treasurer for school purposes." By § 5, it is made the duty of the clerk to keep a record of the proceedings of the trustees, &c. There is not, however, any express provision .requiring the signature of such record by the president and clerk. Section 7 enacts that "the treasurer shall receive all moneys belonging or which may be apportioned to ·his·township, and pay out the same upon the orders of the board." There is no express and literal enactment that the trustees shall appropriate money; but they have power to levy taxes, &c., and to take charge of the educational affairs of the township, employ teachers, &c. Nor is there any such enactment as to the duty of the trustees or clerk to issue an order, for any purpose, on the treasurer. But as the treasurer is to pay out the money on the order of the trustees, without doubt every allowance of a claim made by the trustees is one of the orders that should go upon their records; and whether, by the law, it is, or is not, the duty of the president to sign the record of such disposition of the school fund, it is not necessary to decide, as it is alleged here that this order of allowance was so signed. The record of the claim sufficiently shows what it was for, to indicate the fund out of which it should be paid.

Under these statutes, we think a sufficient order upon the treasurer, would have been a copy of the claim and allowance, attested by the clerk. If so, there was no· other duty resting upon the trustees, in reference to making said allowance or order. The demurrer should, therefore, have been sustained.

The evidence was not sufficient to sustain the finding. There was no testimony tending to show that any request or demand had been made of the trustees to discharge the duty which it is alleged they failed to discharge.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. S. Holman,* for the appellants.