# SUPREME COURT.

THE PEOPLE *ex rel.* JAMES BROWN and others agt. THE BOARD OF SUPERVISORS OF HERKIMER COUNTY.

*Supervisors— Their powers and duties in relation to auditing and allowing county accounts— Mandamus— When not a proper remedy— Code of Civil Procedure, section 780— County judge cannot make an order shortening the time of service of an order returnable at special term of supreme court.*

Where an account or bill is presented to a board of supervisors which is not sufficiently full in details or sufficiently verified it should be returned

People *ex rel.* Brown agt. Supervisors of Herkimer County.

to the claimant to the end that he may make such amendments and corrections as are suitable and proper for the purpose of complying with the statutes.

Where, as in this case, the board might have required a more detailed statement of the expenditures than was given in the account as presented, yet where instead of rejecting the claim as they might have done, they proceeded to act upon it and investigate it and to a certain extent allowed it, their action will not be interfered with by mandamus.

The discretion of the board as to auditing and allowing accounts ought not to be taken away or interfered with or absolutely directed by the court.

Where a board of supervisors has acted upon a claim and passed upon its merits, the action is conclusive upon the claimant and succeeding boards. It is binding and effectual to shut off a suit for a portion of or a balance of a claim thus presented and acted upon. The allowance of an account by the board is a judicial act, and is in the nature of a judgment against the county.

If a party is not satisfied with an audit of his claim, he should review it or take such remedy as remains to him before accepting the award. By an acceptance of the audit and the order issued in accordance with it, he adopts and ratifies the proceedings had in regard thereto. They thus become mutual and operative upon the creditor and debtor.

Whether in this case a mandamus is a proper remedy if a wrong has been done, *quære.*

Under section 780 of the Code of Civil Procedure a county judge cannot make an order requiring a party to show cause why an application should not be granted which is returnable in less than eight days at a special term of the supreme court.

*Oneida Special Term, December* 12, 1885.

MOTION and order to show cause why a writ of mandamus should not issue to the board of supervisors of Herkimer county, commanding them to reject and disallow the bill and claim of John C. Richards for $706, verified November 16, 1885, and also to rescind the resolution of said board passed the 9th day of December, 1885, * * * auditing and allowing said claim and bill at $500; also forbidding said board from paying or authorizing to be paid, or issuing any order on the treasurer of Herkimer county for the payment of the same. * * *

Affidavits of relators tending to show that a similar claim was presented to the board of supervisors in 1883, and that it

People ex rel. Brown agt. Supervisors of Herkimer County.

was acted upon and $500 allowed, were read on this motion. An affidavit was read in opposition to the motion, tending to show that no claim was presented by the said John C. Richards, or by his procurement, and also tending to show that he did not receive the $500 allowed that year *in full of his claim.* Also an affidavit was read of Mr. O. H. Springer, chairman of the board, to the effect that the present claim was fully investigated and allowed.

The order to show cause was granted by the county judge of Herkimer county December 11, and returnable at this term December 12.

*George W. Smith,* for relators.

*Amos H. Prescott,* for the board of supervisors, opposed.

HARDIN, *J.*— Upon the argument of the motion the sufficiency of the account and the details of its items were challenged. By an inspection of the account, it appears that charges are made for money expended in 1879, 1880, 1881 and 1882. There are four items named in the bill as presented, and they amount to $706. Attached to the account is the usual formal affidavit required by chapter 495 of the Laws of 1847. The details of the expenses are not stated as fully as the board, under that act, might have required, but the act has had some judicial examination in *People* agt. *The Supervisors of St. Lawrence Co.* (30 *How. Pr.*, 173). It seems to be the doctrine of that case that where the claim is not sufficiently full in details, or sufficiently verified, it should be returned to the claimant, to the end that he may make such amendments and corrections as are suitable and proper for the purpose of complying with the statute.

Doubtless, in the case now in hand, the board might have required a more detailed statement of the expenditures than was given in the account as presented. If the claimant had not rendered such a detailed statement, the board might have, for that reason, rejected the claim, but, instead, the supervisors

proceded to act upon it and to investigate it as is stated in the ·affidavit of the chairman of the board. The board had power to examine witnesses, and gather such proofs as they desired in .regard to the claim before taking final action thereon (1 *R. S.* [1*st ed.*], 853, *sec.* 38; *People* agt. *Supervisors of Fulton Co.*, 14 *Barb.*, 52).

The practice of receiving so general a statement or a bill in gross, like the one now before the court, cannot be commended. A more cautious and faithful regard for the desire of tax-payers, to learn what items have been allowed on .the part of the board of supervisors, would have led them to exact of the claimant a further and more minute and extended bill of particulars. But ought it now to be held that the account was so meagre that, to receive and consider it in the form in which it. was presented, was unauthorized and illegal?

The case to which reference has been made, seems to require a negative answer to the question. It cannot be said that the board had not jurisdiction of the claim, because it was too general and indefinite. Assuming that the board has power to require a claim to be more elaborately itemized than the one presented, of course, to what extent the power should be exercised rests somewhat in its discretion. Ought such discretion to be controlled by the court? It has been adjudged in numerous cases, that the discretion of the board ought not to be taken away or interfered with or absolutely directed. Where they have a discretion in regard to amounts to be allowed, and have acted properly, the courts have refused to interfere by a mandamus (*People* agt. *Supervisors of Albany Co.*, 12 *John.*, 414; *Hall* agt. *Supervisors of Oneida Co.*, 19 *id.*, 259). The same principle is laid down in *The People* agt. *Supervisors of New York* (1 *Hill*, 67). In that case, after stating the rule, judge BRONSON adds, viz.: "If the supervisors have gone too far in disallowing one-third of the amount claimed, the relator has no remedy in this form (mandamus) if he has.in any other. So, here, the relators cannot prevail, because the account was so general and indefinite upon which the board assumed to act.

People *ex rel.* Brown agt. Supervisors of Herkimer County.

*First.* It is insisted that the action of the board of supervisors in 1883, in allowing $500 upon a claim then presented, and by the acceptance of an order for $500 by the claimant, issued in pursuance of the action of the board upon such claim, stand in the way of the present claim.

*Second.* It is undoubtedly true that where a board of supervisors has acted upon a claim and passed upon its merits the action is conclusive upon the claimant and succeeding boards. It is binding and effectual to shut off a suit for a portion of or a balance of a claim thus presented and acted upon (*People* agt. *Supervisors of New York*, 1 *Hill*, 337; *Martin* agt. *The Board of Supervisors of Greene*, 29 *N. Y.*, 645; *Bank* agt. *Board of Supervisors of Otsego*, 51 *id.*, 401; *Board Supervisors* agt. *Ellis*, 59 *id.*, 620; *West Winfield Bank* agt. *Supervisors of Herkimer Co.*, 56 *Barb.*, 452; *Osterhoudt, tax-payer*, agt. *Rigney*, 98 *N. Y.*, 322).

In *People* agt. *Supervisors* (33 *Hun*, 306), the court, in speaking of the allowance of an account by the board, says: "This act was a judicial act, and adjudicated the amount the relator was entitled to receive (10 *N. Y.*, 260). Their audit was in the nature of a judgment against the county."

However, it is insisted that the claimant did not present a claim in 1883, to the board for allowance, and therefore he is not bound by the action of the board. The obvious answer to that position is that he subsequently accepted the result and ratified the action of the board or supervisors and adopted the claim thus presented by receiving the order issued in satisfaction of such audit. By such an acceptance the proceedings leading up to the order, so far as they became known to the claimant were sanctioned and adopted. So far as the claim which was investigated and audited by the board of 1883, the acceptance of the amount audited and allowed by that board must be held an adoption of the judgment or audit preceding the issuance of the order. The concluding language of PRATT, J., in *People* agt. *Supervisors* (33 *Hun*, 307), is applicable. He says: "By accepting the amount of the audit the relator (claimant) waived

his right to further prosecute his claim." It is a salutary rule of law that parties shall not be allowed to split up a claim and maintain several suits or proceedings upon its fractional parts in the courts. The reason for the rule is applicable to claims presented to boards of supervisors. If a party is not satisfied with an audit of his claim he should review it or take such remedy as remains to him before accepting the award. By an acceptance of the audit and the order issued in accordance with it he adopts and ratifies the proceedings had in regard thereto. They thus become mutual and operative upon the creditor and debtor (29 *N. Y.*, 645; 45 *id.*, 209; *Knapp* agt. *Brown*).

It is the reception of the order by the claimant that gives his final right to the money. Before the order has been issued the supervisors may reconsider, review and recall their previous action. Their action is judicial but they retain control of the proceedings until they are consummated (*People* agt. *Stocking*, 50 *Barb.*, 573).

They are not liable in a civil action, however erroneous their action may be, because they are acting judicially in settling and allowing accounts chargable to their county (*People* agt. *Stocking, supra; Chase* agt. *Saratoga Supervisors*, 33 *Barb.*, 603).

If the account and claim presented and allowed and audited in 1883, were clearly identical with the account and claim presented in 1885, then it would not be difficult to determine that the board had no right or power to readjust it, or to allow any part of the claim involved in the audit of 1883, and that it was erroneous to award the claimant anything upon his account presented in 1885 (*Osterhout, tax-payer,* agt. *Rigney, supra*).

But from the proofs before the court such conclusion is not easily reached. The items of the account differ. The phraseology in regard to disbursements differs. Besides there is some force to be given to the affidavit of the chairman of the board. Mr. Springer says in that affidavit that "he is well acquainted with the facts relating to the said claim or demand    *    *    * and that he believes that the same has been justly and fairly investigated by the said board."

As before stated, the board had power to examine papers and witnesses. If the investigation was made as fully as the board had power to make it, it may have developed the fact that the account of 1885 does not include the items, or any of them, in the account of 1883. Surely, upon conflicting affidavits, and without the benefit of the details and developments of the investigation spoken of, a conclusion ought not to be reached which would control the final action of the court in the premises. Clearly a peremptory mandamus ought not to issue upon the papers now before the court. In the argument addressed to the court, the question of whether a mandamus is a proper remedy, if a wrong has been done, has not been discussed by the learned counsel. The question is not free from doubt. Usually the writ of mandamus is used to compel action; not to require a decision in a "particular way." If boards of supervisors could be required to decide matters of discretion and judgment, and matters of a judicial nature, their action would no longer be their judgment or discretion, but that of the court awarding the writ (*Howland* agt. *Eldridge*, 43 *N. Y.*, 461).

In *People* agt. *Common Council* (78 *N. Y.*, 39), RAPALLO, J., in speaking for the court of appeals, says, "a subordinate body can be directed to act, but not how in a matter in which it has the right to exercise its judgment. * * * Where a subordinate body is vested with power to determine a question of fact the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however clearly it be made to appear what the decision ought to be."

In the case in hand, if the board have determined the fact correctly upon which their right to audit the claim in question rests, then its conclusion is just and legal.

From the foregoing views it appears that a peremptory mandamus ought not to issue upon the papers now before the court.

It is not necessary to determine in this case whether an alternative writ should issue, as there was a preliminary objection

taken to the order to show cause which must be sustained. The order prescribed less than eight days' notice and was granted by a county judge (*Rule* 37; *sec.* 780, *Code Civ. Proc.*; *Larkin* agt. *Steele*, 25 *Hun*, 254).

The motion for a mandamus is denied, without costs to either party. An order to that effect may be entered in Herkimer county.