The Board of School Inspectors of the City of Peoria, Plaintiffs in Error, *v.* The People of the State of Illinois, on the relation of Henry Grove, Defendants in Error.

ERROR TO PEORIA COUNTY COURT.

The Peoria County Court has not power to award a writ of mandamus.

In construing grants of power to inferior courts, nothing is to be held as granted by implication, save only what is necessary to a full exercise of their general powers.

Courts vested with the power to issue the writ of mandamus, are all of them superior courts of unlimited jurisdiction.

A writ of mandamus should show that the relator has no other remedy. It is only granted in extraordinary cases, where, without it, there would be a failure of justice. If the party has sought, or may seek, other means of redress, this writ should be denied.

The courts will not interfere with the discretion vested in the School Inspectors, unless they attempt a plain violation of the law.

ON the 7th day of January, 1858, Henry Grove filed his petition in the County Court of Peoria county, for a mandamus to issue out of said court, against the "Board of School Inspectors of the city of Peoria."

Petition states that said Grove is a free white citizen of the United States, a resident householder and taxpayer in said city, and has a child named Clara Priscilla Grove, aged about fourteen years, residing with him, whom he wishes to send to and have instructed in the public schools in said city. That there are five large school-houses in said city, in each of which, schools are taught under the control of said board. That the houses in the second and third districts of said city are most convenient to petitioner, and there is room enough in them for his child, to the school taught in one of which, he claims the right to send her. That he has demanded admittance for her into one of them and been refused by the board. That he knows of no valid reason why she should be excluded therefrom. Prayer of petition : That a mandamus issue to the board, requiring them to receive and instruct said child in some one of the schools in said second or third districts.

On filing which petition, said court ordered that the defendants show cause on the next day, at 10 o'clock A. M., why the prayer of the petition should not be granted, a copy of which order was served on the same day.

On the 8th day of January the defendants moved to dismiss the said petition, upon affidavit filed, setting forth that the subject matter of the petition has been already fully adjudicated in the Circuit Court of Peoria county. Which motion was overruled by the court, and said court thereupon ordered that an alternative writ of mandamus issue to said board, returnable to the February term of said court, requiring said board to receive said Clara into one of the schools of the second or third districts of said city, or show cause to the contrary, and that said writ be served on Jacob Gale, Esq., Superintendent of Public Schools for said city.

January 14, 1858, alternative writ issued. Return thereto filed by said Gale, February 1st, 1858 : that he is not a member of said board, nor a party defendant to said suit; that he has no control over said board, nor authority to appear and answer

for them, and submitting that no proceeding can be had against him therein.

February 2nd, 1858, order of court directing an alias alternative writ to issue in said cause, and to be served on the President and Secretary of said Board; which said alias writ issued the same day, and sets out: That it having been, on the 7th day of January, 1858, represented to said court that Henry Grove is a citizen, etc., of said city of Peoria, and hath a child whom he has a right to have received and instructed in one of the public schools in said city, adjacent to his residence. That said board have laid off a school district in said city, in which there is no public school-house or school within the city limits, and in which district said Grove resides. That there are two public school-houses in said city—one in district No. 2, and one in district No. 3—both of which are adjacent to the residence of said Grove. That these are the only public school-houses within said city adjacent or convenient to him. That there is no sufficient reason why said Clara should not be received and instructed in one of them, and that said board, without reasonable cause, refuse to admit her into either. Said writ then commands said board to admit said Clara into one or other of said schools, or show cause to the contrary by the 5th of February instant.

February 5th, 1858, defendants moved to quash said alias writ: 1st, Because it is returnable within ten days; 2nd, Because it should have been returnable to the next term of court; 3rd, Because it does not show the relator entitled to the relief sought; 4th, Because defendants are not required by law to receive said Clara into the schools of either said second or third districts; 5th, Because it does not appear that said relator has no other specific legal remedy; 6th, For want of jurisdiction; 7th, Said writ is otherwise informal and insufficient.

Which said motion was overruled by the court, and defendants excepted.

The defendants then filed their return to said alias alternative writ, in substance as follows: That it is true said Henry Grove is a resident, etc., of said city, and hath a child, whom, in common with other children in said city, and on the same terms, etc., and not otherwise, he hath a right to send to and have instructed in some one of the public schools of said city, but deny his right to send her to either of the schools in said second or third districts, or to the relief claimed. That said relator is not, nor was he when said writ was issued, a resident of either of said districts, and that by law and the regulations of the board, a resident of one school district is not entitled, against the consent of the board, to send his child to the public schools of another district. That the residents of each school district,

who apply in due season, are entitled to have their children received and taught in the public schools of the district where they respectively reside, and before children from outside any such district are admitted into such school. That at the time when, etc., all the public schools in said second and third districts were full to overflowing with the children and pupils resident in said districts respectively, and so that Clara could not have been received into either, without first turning out some one already admitted, and who had a prior and better right therein than herself. Defendants admit that said board refused to admit said Clara into either of said schools, but deny that in so doing they acted without reasonable cause. That said board is by law vested with authority over the public schools of said city; to make rules and regulations therefor; to lay off and district the city for school purposes, and in their discretion to alter the same. That before the grievance complained of they had districted said city, making six school districts, which said districts, as then formed, still exist; that the relator resides within district No. 5. That there is no school-house, nor any public school in said district No. 5, within the corporate limits, but at the time when, etc., there was, and still is, a public school established and kept by the board for said district, upon the same terms, as to residents within the city, as other public schools of said city, which school is kept in a house comfortable and commodious, and convenient to the residence of the relator and all the inhabitants of said district No. 5, but is situate about one hundred feet outside the city limits. That said house was built before the organization of the board, and said school established, and still kept therein, at the request of all the people of said district except the relator; and that to discontinue it would operate a hardship upon said inhabitants, as there is no school-house within the district, and said board have not the means speedily to erect a suitable one. That the location of said house a few feet outside of the corporate limits is not, of itself, a legal impediment to establishing and keeping a school therein by said board. That the child of the relator might at all proper times have been sent to and instructed in said school; that at the time when, etc., the relator was besides offered the privilege of sending said child to either of the schools in the fourth and sixth districts in said city, said schools not being full, and said board being willing to accommodate as far as in their power. Defendants aver that the relator has not been prevented from sending his child to the public schools of said city, as assumed in said writ; that he hath not sustained injury as charged, etc.

On the 2nd day of March, 1858, the relator filed his motion to quash said return, and for a peremptory mandamus, for the reason that said return is uncertain, argumentative, irregular, non-issuable and insufficient. Which said motion was sustained by the court, and said return ordered to be quashed. Thereupon said defendants moved for leave to amend their said return, which the court refused to grant, and then and there ordered that a peremptory writ of mandamus do issue against said defendants, commanding them to receive said Clara Priscilla Grove into the schools of said second or third districts, and instruct her therein, and said court then and there rendered judgment against said defendants for costs. To all of which said defendants excepted, and prayed an appeal to this court.

Appellants assign the following errors upon said record.

Error in overruling motion to dismiss petition herein, and in awarding an alternative writ of mandamus thereon.

In directing the service of said writ upon the Superintendent of Schools of said city.

In directing an alias alternative writ to issue.

In overruling motion to quash said alias writ.

In sustaining motion to quash return, and in quashing the same.

In refusing leave to amend the return.

In ordering a peremptory writ of mandamus to issue, and rendering judgment against defendants for costs.

Said judgments, orders and proceedings are against law, in contravention of the just authority, powers and duties of appellants, and beyond the jurisdiction of said court.

Jona. K. Cooper, for Appellants.

H. Grove, for Appellees.

Breese, J. This was an application for a mandamus to the County Court of Peoria county, against the Board of School Inspectors of that county, to compel them to admit the child of the relator, Henry Grove, to one of two public schools, in the city of Peoria; and the first question presented is, has the County Court power to award such writ?

This is an important question in some respects, chiefly, however, confined to these courts, not affecting, materially, the public at large.

By the Constitution, Art. V, Sec. 18, the jurisdiction of said court shall extend to all probate and such other jurisdiction as the General Assembly may confer in *civil* cases, and such crimi-

nal cases as may be prescribed by law, where the punishment is by fine only, not exceeding one hundred dollars.

The General Assembly, conferring power upon the County Court of Peoria county, provided, by the Act of Feb. 9, 1855, page 194, " that its jurisdiction is hereby so extended, that said court shall have jurisdiction with the Circuit Courts in this State, of all matters, suits and proceedings at common law or by statute, in civil cases, except actions in ejectment, within said county, and shall have concurrent jurisdiction of all misdemeanors punishable by fine only, not exceeding one hundred dollars, commenced otherwise than by indictment." Sec. 3 provides that appeals and writs of error may be directly prosecuted from that court to the Supreme Court.

In civil cases then, it has jurisdiction over all subjects and suits, except in actions of ejectment, co-extensive with the Circuit Court.

On the Circuit Court, R. L. 1845, Ch. 67, title " Mandamus," is conferred the power to issue writs of *mandamus,* and, by Ch. 86, of *quo warranto.*

The question then arises, are the cases in which these writs issue, civil cases ? The plaintiff in such writ is the people, on the information of some one claiming an interest in the subject matter to which the writ relates. The writ of mandamus is a prerogative writ, and issues to compel the performance of a public duty by a public functionary, in a case in which the public have a right to complain of neglect of that particular duty. Courts vested with the power to issue this writ, by direct grant of the legislature, are all of them superior courts, of unlimited jurisdiction. It has never been conferred upon inferior courts expressly, whose powers and jurisdiction are limited, and even if conferred, it would extend only to their inferiors.

For the ordinary conduct of business in civil cases in the County Court, we see no necessity of giving it the power to issue such a writ. It has not been given in express terms, and in construing grants of power to inferior courts, nothing is to be held by implication, as granted, unless absolutely necessary to a full exercise of its granted powers.

Something may be gathered of the views the legislature entertained in enacting this law. It may be safely inferred from the known condition of the business in the Circuit Court of that county, having within it one of the most flourishing cities in the State, that the main design in extending the jurisdiction of the County Court, in civil cases and in small misdemeanors, was to relieve the Circuit Court from a great pressure, a pressure so great as to amount, in ordinary civil cases of small or large amount, to a great delay of justice. It was for this kind of

business their power was extended, the important action of ejectment being withheld from their cognizance, and in criminal cases, all indictable offenses, and all offenses where the fine to be imposed exceeded one hundred dollars. Here will be seen great care and caution on the part of the legislature, in extending the jurisdiction of this court, and we think it would be going too far to admit they have, by implication, the vast and formidable power now claimed in this case.

This case goes far to show the impropriety of implying such a power, for we are informed by it, that the relator in two different proceedings before the Circuit Court, in both of which he failed, endeavored to accomplish the same object contemplated by this application for a mandamus. Admitting, then, the power of the County Court in the premises, it amounts to an appeal, in another form, from the Circuit Court to the County Court. This is the consequence, and it will be so in all similar cases.

We do not think the County Court had jurisdiction to award this writ. It is not expressly given by statute, and not being necessary to carry into full effect the jurisdiction granted, it cannot be implied.

But the writ itself is defective in not alleging that the relator had no other remedy. He had previously, as the record shows, attempted to attain his object by certiorari and bill in chancery in the Circuit Court, in which latter proceeding full and complete justice could be done, and the parties were heard on bill, answer, replication and testimony, and the bill was dismissed, and we have affirmed that decree. This was alleged in support of the motion to dismiss the petition for this writ, and the court should have allowed the motion, for the relator having chosen his forum, and the decision being against him, his proper remedy was by appeal or writ of error, on dismissing the bill.

There are a few cases in which a party can pursue several remedies at the same time, but this, as situated, does not seem to be one of those cases.

Nor does the petition show a clear legal right to the remedy asked. 12 Ill. R. 254. This writ is of such a nature that courts will grant it only in an extraordinary case, where otherwise there would be a failure of justice, which cannot be pretended here.

The return to the writ should not have been quashed. It is full and complete, is issuable and triable, and in bar of the remedy sought.

The board of inspectors are vested with a large discretion in the performance of their important duties, and courts will

not attempt to control its exercise except in a palpable case, where a plain violation of the law is manifested.

In this case the board seem to have discharged their very onerous and responsible office, with every regard to the public interest, and with no disposition to deprive the relator of any of his rights. The deprivation of which he complains, is chargeable rather to his unfavorable position in the city for school advantages for his children, than to maladministration on the part of the board. What we have said in the chancery case between these parties, is applicable here, and we can add nothing to it. The judgment of the court refusing to dismiss the application for a mandamus was erroneous. It should have been dismissed.

The judgment is reversed.

*Judgment reversed.*