## CASES WHICH MAY BE TRANSFERRED FROM THE COURT OF INSOLVENCY TO THE PROBATE COURT.

[Cuyahoga County Court of Common Pleas.]

### WALLACE I. KNIGHT, GUARDIAN OF CHARLES READER, v. T. H. JOHNSON ET AL.

Decided, August 28, 1903.

*Jurisdiction—Of the Probate Court—Of the Court of Insolvency—Exclusive Jurisdiction of the Probate Court—Transfer of Cases.*

1. Sections 9 and 10 of the act of March 11, 1896 (92 O. L., 475), relating to the transfer of cases from the probate court to the court of insolvency, involve a principle of classification of the cases so to be transferred, but not a difference in the kind of cases; and the distinguishing difference in the cases referred to in the two sections is in cases pending at the time of the passage of the act, which the probate judge was empowered to transfer at will, and cases subsequently pending in that court, which can be transferred only at such times as in the opinion of the judge the business of the court requires.

2. An interpretation of the words of Section 10 "any other case or cases now or hereafter pending," which would allow the transfer to the court of insolvency of a motion to remove a guardian, or the hearing and determination of a petition to sell the land of the ward, would extend the jurisdiction of the court of insolvency to every matter within the jurisdiction of the probate court, and would be in conflict with the preceding section, and manifestly wrong.

BABCOCK, J.

The defendants move for a dissolution of the injunction on the ground that the plaintiff's incapacity to maintain the action is apparent on the face of the petition. This pleading states that the probate judge of this county transferred to the court of insolvency the hearing of a petition to sell land, filed in the probate court by the guardian of Charles Reader, an insane person, and at the same time transferred to the court of insolvency a motion to remove the guardian. The judge of the court of insolvency removed the guardian and appointed this plaintiff in his stead, who thereupon brought

this action and procured a temporary order restraining the defendants from enforcing the levy of an execution against the estate of his insane ward.

The contention of the defendants is that probate, testamentary and guardianship matters are within the exclusive jurisdiction of the probate court by force of Article IV, Section 8, of the Constitution, which is as follows:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians  *  *  * and such other jurisdiction in any county or counties, as may be provided by law."

They say further, that if they are wrong in this contention, the statute providing for transfers from the probate to the insolvency court does not embrace within its provisions matters and proceedings of this kind.  On the other hand, it is claimed that the statute creating the court of insolvency located in this county, authorizes the probate judge to transfer any and all cases on his docket, of whatever kind, to the court of insolvency, and that the matters transferred by the probate judge, as above described, are within the provisions of the statute.

Two sections of the act establishing the court of insolvency (92 O. L., page 475), are as follows, in so far as they provide for transferring cases from the probate to the insolvency court.

"Section 9.     The said court of insolvency shall have original jurisdiction in all cases, matters and things relating to and arising under the laws now in force or hereafter enacted, regulating the mode of administering assignments in trust for the benefit of creditors, and the appropriation of land for public use, and for the assessment of damages occasioned by a public improvement, and shall in every respect have the same jurisdiction, possess the same powers, discharge the same duties, and incur the same penalties as are now or may hereafter be enforced or enjoined by the Constitution and laws of the state, upon the judge of the probate court; and the judge of the probate court of the county wherein such court of insolvency is established, is hereby authorized to transfer to the court of insolvency *any and all cases now pending* in such probate court, arising under the acts now in force regulating the mode of administering assignments in trust for the benefit of creditors, and

the appropriation of land for public use and for the assessment of damages occasioned by a public improvement; the same to be there proceeded in as if the same had been originally commenced in said court, having regard to the former proceedings therein, and the costs before accrued in the final record, as may be right and proper.

"Section 10. Whenever in the opinion of the judge of the probate court of the county wherein such court of insolvency is established, the business of the probate court shall require the same, said judge of the probate court is hereby authorized to certify and transfer unto the court of insolvency any other case or cases, now or hereafter pending in said probate court, which said case or cases shall thenceforth be considered in said court of insolvency and be there proceeded in as if the same had been originally commenced in that court, having regard to the former proceedings and the costs before accrued in the final record, as may be right and proper."

In the opinion of the learned judge in *State, ex rel,* v. *Archibald, Sheriff,* 52 O. S., page 6, it is stated:

"But as this question of exclusive jurisdiction" (referring to jurisdiction of probate court) "under the Constitution is one of great importance, and was not fully argued, it is thought best not to pass upon it in this case."

The old Constitution conferred this probate jurisdiction upon the court of common pleas in substantially the same words as those set forth in Section 8, of Article IV, which is quoted above. This language was held, in *Matter of Gregory,* 19th Ohio, page 357, to confer an exclusive jurisdiction. It is not necessary to pass upon the constitutional question here presented, for the reason that the General Assembly has not attempted to vest the court of insolvency with jurisdiction in probate, testamentary or guardianship matters.

Section 9 of the act quoted above provides for the transfer of any and all cases now pending in such probate court arising under the acts now in force, regulating the mode of administering assignments, and the appropriation of land for public use, and for the assessment of damages occasioned by a public improvement. This provision for the transfer of "any and all cases now pending" afforded relief to the probate court and immediate employment for the newly created court of insolvency.

Section 10 provides that whenever, in the opinion of the judge of the probate court of the county the business of that court shall require it, the judge may transfer to the court of insolvency any other case or cases now or *hereafter* pending in said probate court. As regards cases pending at the time of the passage of the act, the probate judge was given power to transfer without condition. Cases subsequently pending can be transferred only on condition of necessity, and doubtless a judicial finding of the necessity must precede the exercise of the power. Counsel argue that, if it was not intended to enlarge the class of cases to be transferred as respects the nature of their subject-matter, the entire provision could have been expressed in one section, by providing for the transfer of any or all cases *now or hereafter pending,* and that it is to be inferred that a different class of cases was intended by the addition of the 10th section. That some principle of classification was intended is obvious, but it does not follow that the principle of classification was a difference in kind of cases. It is the opinion of the court that the distinguishing difference in the cases referred to in the two sections is between cases pending at the time of the passage of the act, which the probate judge could transfer at will, and cases which were subsequently pending in the probate court which can be transferred only at such times as, in the opinion of the judge of the probate court, the business of that court shall require it.

That this is the true interpretation of the statute, is apparent from the words employed. The second of the sections referred to provides for the transfer of any *other* case or cases. This word "other" is a correlative term. It links those enumerated before with the cases following. It is a rule of interpretation, sometimes called Lord Tenterden's rule, that where a statute or other document enumerates several classes of persons or things, and immediately following and classed with such enumeration, the clause embraces "other" persons or things, the word "other" will generally be read as "other such like"; so that persons or things therein comprised may be read as *ejusdem generis* with and not of a quality different from those specifically enumerated. The cases stating this rule are collected in Am. & Eng. Ency. of Law under the word "other." If we apply this rule the statute will be interpreted to provide for the transfer of other such like cases as are subsequently commenced

in the probate court, in case the necessity for such transfer shall be found by the probate judge to have arisen. An additional reason for this interpretation is the cardinal rule that no construction enlarging the jurisdiction of courts will be given to a statute in the absence of express words or necessary implication. An interpretation of this section which would allow the transfer to the court of insolvency of a motion to remove a guardian, or the transfer to that court of the hearing and determination of a petition to sell the lands of the ward would extend the jurisdiction of this court to every matter within the jurisdiction of the probate court, without any express words or necessary implication, and in conflict with the preceding section, which specifically defines and limits the jurisdiction of the court. Such an interpretation is manifestly wrong. For cases announcing this rule see *Ex parte Story,* 3 Q. B. Div., 166; *Grove, etc.,* v. *Peoria,* 20 Ill., 525; *Kertler* v. *State,* 4 Green. (Iowa), 293; *Thompson* v. *Cox,* 53 North Car., 311.

The court of insolvency acquired no jurisdiction of these cases by the attempted transfer of them to the court of insolvency, and the pretended appointment of this plaintiff as guardian in the place of the former one attempted to be removed by the judge of the court of insolvency is void for want of jurisdiction; hence the motion to dissolve the temporary injunction is granted.

*Brewer, Cook & McGowan,* for plaintiff.

*Johnson & Howell,* for defendants.