## FITCH v. McDIARMID.

MANDAMUS—In this country the writ of *mandamus* is not a writ of *right*—it is derived by grant from the government, through the Constitution or legislative enactments; the issuing or withholding it, is within the judicial discretion of the court.

WHEN GOVERNED BY COMMON LAW RULES.—When the power has been granted in general terms to a court, it is governed by the common law rules as to when it is proper to be issued.

OFFICE OF THE WRIT.—The purpose of the writ is *not* to establish legal rights or to inquire into the titles to offices, but to enforce the performance of a duty.

WHAT A PARTY MUST SHOW.—A party, to be entitled to the writ, must show by his petition, that he has a clear *legal right* to the subject matter and that he has *no other* adequate remedy.

The question of the original jurisdiction of this court in cases of *mandamus* and *quo warranto* is settled—it is *res-adjudicata*.

*Petition for Mandamus.*

*Wilshire & Coblentz, Garland & Nash, Warwick & Montgomery,* for petitioner.

This court can issue, hear, and determine writs of *mandamus* in all cases in which its jurisdiction may be invoked for that purpose. See *Price & Barton v. Page, treasurer, 25 Ark. 527.* We submit that the matters stated in the petition are sufficient to maintain the cause, in law, and that *mandamus* is the only proper remedy in this case, and not *quo warranto*, as insisted by the defendant. There is no other specific legal remedy *that is complete. Chap. 135, Gould's Digest*, does not afford a complete remedy or means of obtaining the ends sought by the proceedings. The doctrine is well supported by the authorities that, though there be another remedy, if it be not equally *convenient* and *efficacious*, the court will grant *mandamus*. See *2 Moore & Scott (Eng.) Rep. 80; 11 Adolph. & Ellis, 82; 3 Berry & Davidson (Eng.) Rep. 123; 2 Queen's Bench, (Eng.) Rep. 64; 12 Adolph & Ellis, 530; 6 ib. 355; 3 H. & M. Va. Rep. p. 1; Tap. on Mandamus, 19.* The American authorities alike support the posi-

tion.  See *25 Ills. 325*; also, *2 Pick. 397: 3 Mass. 287; 21 Pick. 148, 151.*

*T. D. W. Yonley, E. W. Gantt and Benjamin & Barnes,* for defendant.

We submit that this court has no jurisdiction to issue the writ of *mandamus* in local or county matters, as is asked by the petition.  *State v. Ashley et al., 1 Ark., 309;* and cited and approved again in *1 Ark., 335,* in *State v. Ashley; Price & Barton v. Page, 25 Ark., 533.*  Also, in the case of *The State v. Johnson,* this court again cited and approved of *The State v. Ashley,* as setting forth the true doctrine.

The petition does not allege sufficient facts to entitle the plaintiff to the relief prayed for.  *Mandamus* will not issue when the petitioner has another adequate remedy.  See *People v. Stephens, 5 Hill, 616; People v. Trustees of Brooklyn, 1 Wend., 318; E. Nelson, ex-parte, 1 Cowen, 417; Reading v. Commonwealth, 11 Penn., State R., (1 Jones) 196; Kentucky v. Dennison, 24 How., U. S., 66; James v. Commissioners of Berks county, 13 Penn., State R., (1 Harris) 72; Goings v. Mills, 1 Ark., 11; Webb v. Hanger, ib. 121; Trapnall, ex-parte, 6 Ark., 9; Williamson, ex-parte, 8 Ark., 424.*  Plaintiff had a specific and complete remedy under the Civil Code.  See *secs. 525, 509, 530.  Mandamus* is not the remedy to settle the title to an office.  *Quo warranto* is the only remedy, and if the plaintiff has any remedy at all in this case, *quo warranto* is the proper one; the question involved being the title to office.  *Bonner v. State, 7 Geo., 473; State v Auditor, 36 Missouri, 70; People v. Corporation of New York, 3 Johns. cases, 79; 6 Iredell 155; 5 Stew. & Port., 40; 1 Ala. R., 688; 3 Johns. cases 79;* and note to *People v. Richardson, 4 Cowen, 100.*

BENNETT, J.

The petitioner represents that, under and in pursuance of

the provisions of an act of the General Assembly of the State of Arkansas, approved March 16, 1871, he was appointed cir- cuit clerk of Pulaski county, and that he qualified on the 18th day of March, 1871, and that, under and by virtue of said act, he is made recorder of said county of Pulaski.

The petitioner also represents that, prior to the passage of the act of the General Assembly, aforesaid, the defendant, George W. McDiarmid, was county clerk of Pulaski county, and, prior to the passage of said act, as such county clerk, was ex-officio recorder of said county; but the petitioner submits that, from and after the passage and approval of the above mentioned act, and the appointment, commission and qualifica- tion of the petitioner, the said George W. McDiarmid ceased to be recorder of said county; and the petitioner says he is the legal and proper recorder, and, as such, entitled to all the books, papers, records, etc., of said office. The petitioner further represents that the books, etc., belonging to said office, were, at the time of his appointment, etc., and now are in the possession of defendant.

The petitioner also represents that, soon after his appoint- ment as said circuit clerk, he applied for and demanded of de- fendant the books and all other property belonging to said office of recorder, and has, several times since, demanded of him the delivery of said property, but the defendant has, at all times, neglected and refused to give them up.

Under this state of facts, he prays for a writ of *mandamus*.

To this petition the defendant demurs, for the following causes:

*First.* That, while the defendant admits the jurisdiction of this court to issue writs of *mandamus*, in all matters pertain- ing to the State at large, he denies the jurisdiction of this court to issue writs of *mandamus* in local and county matters, as is asked for in this case.

*Second.* That the petitioner, if entitled to any relief, has mistaken his remedy; that he, having admitted in his petition that the defendant is in possession of said records, by virtue

of and under color of office, to wit: county clerk, his remedy is *quo warranto*, and not *mandamus*.

*Third*. That the petitioner does not allege facts sufficient to entitle him to the relief prayed for.

*Fourth*. That so much of the act of the Legislature, approved March, 1871, as pretends to make the petitioner recorder of the county, by virtue of his office as circuit clerk, is contrary to the constitution of the State and the United States.

The first cause alleged for demurrer raises the question of the jurisdiction of this court to issue the writ in this case, the subject matter not relating to the State at large, but being local, etc.

Section 4, article 7, of the present constitution, says: "The Supreme Court shall have power to issue writs of error, *supersedeas*, *certiorari*, *habeas corpus*, *mandamus*, *quo warranto*, and other remedial writs, and to hear and determine the same."

In the case of *Price & Barton. v. Page, Treasurer, 25 Ark.*, *527*, this court distinctly and unmistakably announced its authority to issue writs of *mandamus*, and hear and determine the same, in all cases in which its jurisdiction might be invoked for that purpose.

In a later case, *The State of Arkansas v. Johnson*, this court has enunciated the same doctrine. The question of the original jurisdiction of this court over writs of *mandamus* and *quo warranto* may be considered as settled. It is *res-adjudicata*.

The defendant, for a further ground of demurrer, states that the plaintiff has mistaken his remedy. We confess that this question is not to be solved so easily.

A writ of *mandamus*, at common law, was a command, issuing in the king's name, from the court of king's bench, and directed to any person, corporation or inferior court of judicature, within the king's dominions, requiring them to do some particular thing therein specified, which appertains to their office and duty, and which the court of king's bench has previously determined, or, at least, supposes to be consonant to right and justice. *2 Blackstone Com., 110.*

In England it is denominated a prerogative writ, and is a writ of right, and lies where there is a right to execute an office, perform a service or exercise a franchise; and where a person is wrongfully kept out of possession and dispossessed of such right and has no other specific legal remedy.

But in America the authority to issue the writ of mandamus does not exist as a prerogative power of the courts, but is derived by grant, from the government, through the constitution or legislative enactments. And where the power has been granted in general terms to a court, it is to be governed by the common law rules, as to when it is proper to be issued. *Kentucky v. Denison, 24, How. 66.*

With us it is not a writ of right. Courts have the power to issue, or withhold it, according to their discretion. But this discretion is not an arbitrary one, it is a judicial discretion.

We have said that the issuance of this writ is to be governed by common law rules. Let us for a moment turn back to old time judges and see what they have said in relation to it.

Lord MANSFIELD, *Ch. J., in Rex v. Barker, 3 Burr., 1265,* says: "It was introduced to prevent disorder from a failure of justice and defeat of parties. Wherefore it ought to be used on all occasions, where the law has established no specific remedy, and where in justice and good government there ought to be one." If there be a *right*, and no other specific remedy, this should not be denied. The same principles are declared by Lord ELLENBOROUGH in *Rex. v. Archbishop of Canterberry, 8, East. 219.* In the case of *Rex. v. Williams 1 Burr. 402,* the court says: "It is a common remedy for restoring persons to corporate offices, of which they are unjustly deprived, the title to the office having been before determined by proceeding by quo warranto."

In a review of all the English cases at our command, in which this writ has been brought into requisition, the courts have seemed to consider that the office must be of such a character, that the person seeking the possession of the same has such a vested and permanent interest in it as that the court

can render the operation of the writ of mandamus effective towards restitution, the title to which there can be no dispute.

As to the rule in America, Judge RICHARDSON, in the case of *Williams v. the Judge of the Cooper Court of Common Pleas*, *20 Mo., 225*, says: "It is a general rule that a mandamus will not issue, unless the party seeking it has a clear right and no other specific legal remedy."

In the case of *The Board of Trustees of Franklin Township*, *County of Ripley, v. State, 11 Ind., 205*, the court say: "Mandamus is proper only where some legal right has been refused or violated."

Judge BREESE, in the case of the *School Inspectors of Peoria v. The people ex rel., Grove, 20 Ill., 525*, says: "The petition must show a clear legal right to the remedy asked. This writ is of such a nature that courts will grant it only in an extraordinary case where otherwise there would be a failure of justice." In the case of *The People v. Thompson, 25 Barbour, 76* HARRIS, *J.*, says: "The invariable test by which the right of a party, applying for a mandamus, is determined, is to inquire, first, whether he has a clear legal right; and if he has, then, secondly, whether there is any other equitable remedy to which he can resort to enforce his right; if there is, he can not have a mandamus. The writ only belongs to such as have legal rights to enforce and find themselves without some other appropriate remedy."

The positions assumed, as above quoted, are amply supported by abundant authority. See *Bac. Abr. tit. Mand., 527; 3 Blacks. Com. 110; The People v. Sup. of Albany, 12 Johns. 414; Hull v. Sup. of Onedia, 19 ib., 260, Nelson, ex parte 1 Cowen, 423; Goings v. Mills, 1 Ark., 11; Taylor v. Governor ib. 21; Webb v. Hanger, 16 ib., 121; Trapnall ex parte, 6 Ark., 9; Williamson ex parte, 8 Ark. 424.*

Upon the strength of the foregoing authorities, emanating, as they have, from such eminent jurists, we have no hesitation in announcing that, before a person can obtain the writ of man-

damus, he must first present such a case, or show that he has a *clear, legal right* to the subject matter of his petition.    Second, that he has no other adequate remedy.    Tested by these rules, how does the case at bar stand?    The petitioner sets up that McDiarmid was elected county clerk of Pulaski county, in 1868; that by virtue of being county clerk he has been recorder of the county, and claims to be recorder of the county now, by virtue of his being county clerk.    The petitioner, Fitch, says, that he has been appointed circuit clerk, under an act of the General Assembly of Arkansas, approved March, 1871, and by virtue of his being circuit clerk, he claims to be recorder of the county.    Here the defendant is in possession of the office of recorder under color of office, to say the least, and the plaintiff claims the office.    The petitioner admits that the defendant is in possession of the records and books, by virtue of his being county clerk, which office, before the late enactment, gave him a clear legal right to such possession; he also says that, by virtue of being county clerk, he, the defendant, still claims to be recorder, and refuses to surrender the books, etc.    Do not the facts, as stated by the plaintiff, plainly show that this application is made to settle the title to the office?    Is mandamus the proper remedy for that purpose?    In the case of *The People v. Corporation of New York, 3 Johnson's cases, page 79*, the court say: "When the office is already filled by a person who has been admitted and sworn, and is in by color of right, a mandamus is never issued to admit another person. The proper remedy, in the first instance, is by an information in the nature of a quo warranto, by which the right of the parties may be tried."

"A *mandamus* will not be issued to admit a person to an office while another is in, under color of right."

"A conflict of title to the office being presented, cannot be determined by *mandamus*; it must be by direct proceeding in the nature of a *quo warranto*."    *State ex rel. Jackson v. State Auditor, 36 Mo. 70.*

Chief Justice RUFFIN, in the case of *Doughty, ex parte*, held

that if a person thinks himself elected to an office, instead of the one pronounced by the proper officers to have been duly elected, his remedy, if he has one, is by a writ of *quo warranto*. See *6 Iredell, 155*.

The case of the *People v. Stevens, 5 Hill, 616*, is exactly in point. When the petitioner claimed to be clerk of Brooklyn, and applied for a *mandamus* to have the books and papers turned over to him, the court refused the writ and held that it was only trying the title to the office, and that must be done by *quo warranto*, or an information in the nature of *quo warranto*. The court refused to try it on *mandamus*.

BRUNSON, J., says: "The right to the books and papers is altogether subordinate to the main question; neither party claiming possession, even on the ground that he is clerk. * * * The relator should first establish his title to the office, by a direct proceeding for that purpose, and then his right to the books and papers would follow as a matter of course."

Defendant, in the case at bar, as appears by petition, was, in 1868, elected to the office of county clerk, by virtue of which office he was recorder. He is in the possession of the books and papers appertaining to the office, and is exercising the duties thereof under a *prima facia* title. He is in office by *color of right*. Petitioner, it is true, claims he is the officer *de facto*; but his right has not been fully resolved into a "clear legal title." If this inquiry had been made and a judgment of ouster obtained, vacating the defendant's claim or title to the office, and the legality of petitioner's appointment to the office been established by the final judgment of a court of competent jurisdiction, and he had a clear right to exercise the duties thereof and enjoy its emoluments, then, upon the refusal of defendant to permit him to receive into his custody and possession the books and papers pertaining to the office, he would, in our judgment, be entitled to a *mandamus*. The proper office of the writ is to enforce the performance of a duty, not to inquire into titles to office or establish legal rights.

Has the defendant no other specific legal remedy?

In our judgment, the petitioner has another specific and much more appropriate remedy to try the validity of his title to the office, which the defendant is exercising—which is by *quo warranto*. In *1he State v. Deliesseline, 1 McCord, 52*, it was held that an information, in the nature of a *quo warranto*, may be filed against an officer who holds a commission under the State. In *The State ex rel. Meade v. Dunn, 1 Minor, Ala. Rep. 46*, the court held that a *mandamus* would not lie on behalf of one claiming an office, when another held the commission and was in the exercise of the duties of the office—*quo warranto* was the proper remedy.

The writ of *quo warranto* is a correlative writ, and proposes an inquiry into the authority by which an individual exercises an office or franchise. These writs operate on the individual, and it is the only one under which a judgment of ouster can be rendered.

There may be other remedies under our statutes, which are within the reach of the petitioner, of which we do not propose to speak at this time; nor is it necessary for us to notice the fourth ground of demurrer, in as much as the petitioner has not placed himself within the above rules, viz: has not shown, upon the face of his petition, that "he has a clear right to the subject matter, and that he has no other adequate remedy."

The demurrer is sustained and petition dismissed.

GREGG, J., dissenting, says:

I do not differ with the majority of the court in their conclusions of law, as above announced, but I dissent from them in assuming original jurisdiction in this case.