STATE *v.* FULKERSON.

Opinion delivered December 3, 1904.

1. LIQUORS—SEARCH WARRANT—DISCRETION TO REFUSE.—Upon presentation of an affidavit and information to the circuit judge stating that intoxicating liquors are being kept for sale in a certain building in prohibited territory in violation of the "blind tiger" act of February 13, 1899, the circuit judge has no discretion to refuse to issue a search warrant because the liquors are being sold openly under a claim of license, or because the affiant is not a credible person. (Page 166.)

2. SAME—VALIDITY OF LICENSE.—The fact that a majority of the votes cast at the general election in September, 1904, was for license did not authorize the issue of license until on or after January 1, 1905. (Page 166.)

Petition for writ of mandamus.

Granted.

*Silas D. Campbell,* for petitioners.

The issuance of the writ of search and seizure was not a matter of absolute discretion of the court, and the parties are entitled to a hearing thereon. Cf. Acts 1889, 11. The first ward is prohibited territory, and no license therein could be issued until January 1, 1905. Sand. & H. Dig. § 4868. Color of license does not change the situation. 70 Ark. 312. That mandamus will lie, see: 33 Ark. 238; 5 Ark. 371; 6 Ark. 74; *Id.* 422, 437; 43 Ark. 33; 54 Ark. 551; 32 Ark. 462; 5 Ark. 687; 35 Ark. 298. The court could not take judicial notice of the character or sincerity of affiants. 12 Ark. 190.

*O. W. Scarborough* and *J. W. & M. House.* for respondent.

For a history of the legislation upon the liquor traffic see the following statutes: Acts 1879, 33; Acts 1883, 300; Acts 1895, 49; Acts 1899, 11. The act of 1899, p. 1, applies only to blind tigers, and has no application to licensed dealers. Sand. & H. Dig. § § 4851, 4887; 45 Ark. 175; 52 Ark. 329.

The writ should not issue in any case where a party is selling under a license. Sand. & H. Dig. § 4807. Mandamus will not lie to control the discretion of a court. 35 Ark. 298; 43 Ark. 62; 25 Ark. 614; 26 Ark. 613; 44 Ark. 317. As to showing necessary for issuance of mandamus see further: 45 Ark. 121; 26 Ark. 515; High, Ext. Leg. Rem. 9. It must appear that petitioner has no other adequate remedy. 1 Ark. 11; *Ib.* 121; 26 Ark. 482, 486; 27 Ark. 382; 44 Ark. 284; 45 Ark. 121; 26 Ark. 510.

*S. D. Campbell,* for petitioners in reply.

Further, upon the construction and application of the act of 1899, see: 70 Ark. 94. The court could not have any judicial knowledge of the character of petitioners, without any. hearing whatsoever. 3 Ark. 1; 69 Ark. 311; 65 Ark. 84, 86; 70 Ark. 348; 68 Ark. 171.

*O. W. Scarborough* and *Jos. W. & M. House,* for respondent on motion to reconsider.

The act of 1899 was not intended to refer to parties selling under State and county licenses, but to "blind tigers" only. 116 Ga. 291, s. c. 42 S. E. 275; *Cf.* 45 Ark. 176.

*Morris M. Cohn, amicus curiae,* for respondent on motion to reconsider.

Information in circuit court no longer lies in this State. Const. Ark. art. 11, § 8; 41 Ark. 488. This is the effect of such a prosecution as is here attempted. 41 Ark. 488; 116 U. S. 610; § 1, act 1899 (p. 11), is not constitutional. 70 Ark. 94; 71 Ark. 143. No proper steps were taken in this case to entitle petitioners to the writ of search.

*S. D. Campbell,* for petitioners in reply.

Case in 116 Ga. 291, quoted and distinguished.

BATTLE, J. Petitioners apply to this court for a mandamus to compel the judge of the Third Judicial Circuit to issue a warrant to search for certain liquors, and when found to seize them according to the act entitled "An act to suppress the illegal

sale of liquors and to destroy the same when found in prohibited districts," approved February 13, 1899, section one of which is as follows: "It is hereby made and declared to be the duty of the chancellors, circuit judges, justices of the peace, mayors and police judges, on information given or on their own knowledge, or when they have reasonable grounds to believe that alcohol, spirituous, ardent, vinous, malt or fermented liquors, or any compound or preparation thereof commonly called tonics, bitters or medicated liquors of any kind, are kept in any prohibited district to be sold contrary to law, or have been shipped into any prohibited district to be sold contrary to law, that they issue a warrant, directed to some peace officer, directing in such warrant a search for such intoxicating liquors, specifying in such warrant the place to be searched, and directing such officer, on finding any such liquors in any prohibited district, to publicly destroy the same, together with the vessels, bottles, barrels, jugs or kegs containing such liquors; *provided,* that this act shall not apply to the giving away or selling of native wines where the sale is authorized by law; *provided, further,* any sheriff or other officer having knowledge of any such blind tigers and failing to perform his duty shall forfeit his commission; *provided, further,* that the provisions of this act shall not repeal or affect section 4886 of Sandels & Hill's Digest; *provided,* that any persons on whose premises or in whose custody any such liquors may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed."

Peter Anderson and R. T. Simmons on the 8th day of October, 1904, made an affidavit, in which they stated that they had reasons to believe and believed that alcohol, ardent, vinous, spirituous, malt and fermented liquors, etc., were kept in a building numbered 308, on East First street, and in the First Ward of the city of Newport, in this State, and in apartments, rooms and annexes thereof and connected therewith, to be sold contrary to law; said buildings, apartments, rooms and annexes thereof and connected therewith being used, occupied and controlled by J. E. Doherty and being in a prohibited district; and they asked for a warrant to search the same for such liquors, and to seize and destroy the liquors when found. And the prosecuting attorney of the Third Judicial Circuit of this State made the statements contained in the affidavit of Anderson

and Simmons, and asked for the same relief. This affidavit and information were on the 11th of October, 1904, presented to the judge of the Third Judicial Circuit for a warrant to search and seize under the act of February 13, 1899, and he refused to issue it.

The circuit judge responded to the petition, but did not show that the First Ward of the city of Newport was not a prohibited district; but he did show that the majority of the votes cast in the First Ward of the city of Newport, and in the township in which it is situate, at the general election held on the 5th of September, 1904, was "for license"; and that in October following the county court of Jackson County, in which the city of Newport is situate, granted to said J. E. Doherty license to sell liquor. He questioned, in his response, the credibility of Anderson and Simmons.

Upon the presentation of the affidavit and information to the circuit judge, it was his duty to issue a warrant in accordance with the act of February 13, 1899. He had no discretion in the premises. The act allows the owner of the liquor a "day in court" for the purpose of showing that his property has not been forfeited and should not be destroyed. *Ferguson* v. *Josey,* 70 Ark. 94. In this provision of the act the necessity or reason for the ·exercise of discretion is obviated. By allowing a "day in court" all parties in interest are given an opportunity to be heard and to protect themselves. A discretion in the circuit judge and other officers named in the act to issue or refuse the warrant would place it in their power to defeat the act, a construction wholly inconsistent with the letter and spirit of the act.

Counsel for respondent say that other penalties for the illegal sale of.liquor are provided by law. That is true, but that does not interfere or dispense with the enforcement of the act of 1899. The duty to obey it is still imperative. They say that it does not apply to sales made openly under a claim of license. They are in error. A license to sell in a prohibited district is void; and the act applies to all illegal sales in such districts. *Ferguson* v. *Josey,* 70 Ark. 94.

The majority of votes cast for license at the general election on the 5th of September, 1904, did not authorize the issue of license until on or after the 1st day of January, 1905. The statute so provides. Sandels & Hill's Digest, § 4868.

The petition for mandamus is granted.

RIDDICK, J., (dissenting.)   I am not able to concur in the judgment of the court ordering a writ of mandamus in this case, and will state some reasons why I think the writ should not be granted.

First, the response of the circuit judge and the copy of the order of the county court of Jackson County, referred to in the response and made a part thereof, show that "at the general election held on the first Monday of September, 1902, a majority of the electors of said county voted for license, and a majority of the electors voting the first ward of said city voted for license, and that it is now lawful for any person to run a dramshop under license in said first ward."   I agree with the statement in the majority opinion that the vote for license at the general election in 1904 will not have effect before January, 1905, and did not authorize the issuance of license in October, 1904; but the judgment of the county court of Jackson County shows that the majority of electors in the general election of 1902, as well as in 1904, both in the first ward of Newport and in Jackson County, were·in favor of license.   That order of the county court shows that the first ward of the city of Newport is not within a prohibited district, and for that reason does not come within the scope of the act of 1899.   It is true that the affidavit filed before the circuit judge to obtain the search warrant states that the first ward was within a prohibited district, but the circuit judge was not bound by such statement.   The different prohibited districts are shown either by the election returns or by the records of the courts in which they are located, and the exact truth as to whether there is such a prohibition district can be easily ascertained by the officers of the law.   For this reason it seems unreasonable to believe that a circuit judge is absolutely bound by the statement in an affidavit that a certain ward in a city is in a prohibited district, and that he is compelled, upon the presentation of a proper affidavit, to issue a warrant directing the seizure of liquors being sold therein, notwithstanding the fact that he may know that such ward is not in a prohibited district.   I see nothing in the language of the act that requires the court to put such a construction on the act, the result of which would empower any rival saloon keeper to have the stock in trade of his competitor in another ward of the city seized and his business stopped

at any time by making an affidavit, that he was selling in a prohibited district, even though the court might know that the place where the liquor was being sold was not in a prohibited district. He need not make the affidavit himself. Any tramp or vagabond that comes along whom he can induce to make it may make the affidavit, and then leave the State, or go his way; but under the decision of the court when the affidavit is presented to the circuit judge he must issue the writ, even though he may know that the facts stated in the affidavit are not true, and that the party making it is utterly unworthy of belief.

The court in its opinion says that the party whose liquor is thus seized has his day in court, and that is true; but as the term of the court at which the case can be tried may be some months away, the party whose property is thus seized may be irreparably damaged by the process of the law put in force by the affidavit of an irresponsible party. This act of 1899 was plainly directed against clandestine sales of liquor and sales without license, and is only an extension of what is known as the "blind tiger act," which act by express terms does not apply to those selling liquor under license. Kirby's Dig. § § 5146, 5148. The law does not permit courts to issue a license for the sale of liquor in a prohibited district; and, as courts are presumed to act within the law, when one is selling liquor under license issued by the proper court, that of itself raises a presumption that the place at which he is licensed to sell is not within a prohibited district, sufficient to protect him against a proceeding of this kind, unless the judge who is asked to issue the warrant is convinced that the defendant is selling in a prohibited district. The facts of this case well illustrate the absurdity of the law as the court finds it to be. A saloonkeeper in one ward of Newport just before the Christmas holidays, when trade is usually brisk, makes an affidavit that a rival saloonkeeper in another ward of the same town is selling within a prohibited district, and asks the circuit judge to issue a warrant for an officer to seize the stock of liquors in such saloon. The circuit judge, knowing that the defendant is selling under a license from the county court, refuses to issue the writ on the ground that from his acquaintance with the records of the courts he is satisfied that the ward named is not in a prohibited district, and that in his opinion the affiant is not a credible person; but this court holds that he

has no discretion in the matter, even though he may know that the liquors are not being sold in a prohibited district, and that the affiant is not a credible person; and it issues a writ of mandamus to compel him to issue a warrant for the seizure of the rival's stock in trade. The result of this seizure will be to stop his sales and to place his property in the hands of the sheriff until the next term of the circuit court; for, as the law says he shall have his day in court, it does not mean a trial before a judge in vacation, but before a court from whose judgment an appeal may be taken. The purpose of the act was, as before stated, to suppress clandestine and illegal sales of liquor, not to allow one saloonkeeper to suppress the business of his rival who is selling under a license that has never been questioned in the court. The writ of mandamus is not a writ of right, and the issuing or withholding of it is within the discretion of the court, and the court should not permit it to be used for the purposes sought to be attained by the petitioner in this case. *Fitch v. McDiarmid,* 26 Ark. 482.

Being fully convinced, not only that we have the discretion to refuse the writ of mandamus, but that the circuit judge was right in refusing to issue the warrant to seize the liquors being sold under a license that had never been questioned, I therefore dissent from the opinion and judgment of the court.

WOOD, J., concurred in the dissenting opinion.