State v. Board of Directors of School District
of Ashdown.

Opinion delivered February 21, 1916.

1. Mandamus—nature of writ.—Mandamus is not a writ or right, but is within the judicial discretion of courts to issue or to withhold, and a party, to be entitled to the writ must show that he has a clear legal right to the subject-matter, and that he has no other adequate remedy.

2. School districts—funds—loan of funds by board—mandamus.—Mandamus will not lie, in a suit brought by the Attorney General and certain tax payers in a special school district, to compel the county treasurer to demand and receive of the board of directors of the district, and to compel the board of directors, and a certain bank to pay over a certain sum, raised by the issuance of bonds in the district for the purpose of erecting a school house where a portion of such sum had been loaned to the said bank, and the remainder had been loaned to one of the school directors.

3. School districts—custodian of funds.—The directors of school districts, whether common or special, are not the custodians of the funds of the districts. *Semble*, if the petition showed that the directors of a school district, were in possession of the funds of the district, which they, upon demand, had refused to pay over to the county treasurer as the legal custodian of such funds, then mandamus might lie to compel them to do so.

4. Mandamus—definition.—Mandamus is an order of a court of competent jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law.

Appeal from Little River Circuit Court; *W. H. Arnold,* Special Judge; affirmed.

*Wallace Davis,* Attorney General, and *A. D. Dulaney,* for appellant.

1. The petition, as amended, states a cause of action. Kirby's Dig., § § 1990-2-3; Ark. Law Rep., vol. 43, No. 9, p. 486.

2. There was no defect of parties. The State ex. rel., etc., was a proper party, plaintiff, for the public interest was affected. Kirby's Dig., § 5156; 25 Ark. 444; 31 *Id.* 264. The individual taxpayers were proper parties. Kirby's Dig., § 6008. The treasurer refused to join in the suit and refused to demand the money. 31 Ark. 175; 49 *Id.* 103; 30 Cyc. 78. There was no misjoinder of defendants.

*James S. Steel* and *Seth C. Reynolds,* for appellees.

1. The petition as amended, if the facts stated were true did not state a cause for mandamus. Kirby's Dig., § § 5156, 7686-7699; 3 Burr. 1265; 8 East, 219; 81 Am. Dec. 639; Angel & Ames on Corp., § 698; 1 Burr 402; 26 Ark. 482.

2. Mandamus only issues in cases of necessity to prevent injustice or greater injury. 26 Cyc. 146; 3 b.; 44 Ark. 284; 26 Cyc. 151 B; 27 Ark. 283; 26 *Id.* 510; 106 *Id.* 24 and 48.

3. There is a defect of parties plaintiff. Kirby's Dig., § 5999; 43 Ark. L. Rep. 486; 25 Ark. 444. Also a misjoinder of parties defendant. Kirby's Dig., § 5156.

WOOD, J. The questions presented by this appeal are whether or not mandamus will lie in a suit brought by the Attorney General and certain taxpayers of the Special School District of Ashdown to compel the county treasurer to demand and receive of the board of directors of such district, and to compel the board of directors and the bank to pay over, the sum of $30,000, money raised by the issuance of bonds in such district for the purpose of building a school house, $25,000 of which sum had been loaned to the First National Bank and $5,000 to H. G. Sanderson, a member of the board; and also whether or not an injunction should issue, on the facts above stated, restraining the directors and the bank from paying out the funds.

(1) As early as *Fitch* v. *McDiarmid*, 26 Ark. 482, this court held that mandamus, with us, is not a writ of right, but is one within the judicial discretion of courts to issue or to withhold, and that a party, to be entitled to the writ must show that he has a clear legal right to the subject-matter, and that he has no other adequate remedy.

Under this doctrine, and the facts stated, appellants have mistaken their remedy, and mandamus will not lie.

The allegations of the petition are somewhat inconsistent and contradictory, for in the first part of the petition they allege that the board unlawfully had placed the money in the First National Bank of Ashdown, indicating that the board had deposited the money as a board of directors in the bank, and further on in the petition they allege that the board "has unlawfully loaned to the First National Bank of Ashdown, Arkansas, the sum of $25,-000" and has "loaned to a member of said board, H. G. Sanderson, the sum of $5,000."

(2)    Now, it is manifest that if the board had the money on deposit in its name, then it had not loaned the same; and, on the other hand, if it had loaned the same to Sanderson and to the bank then the board did not have possession of the money, and could not be compelled by mandamus to. pay over funds which it did not have in its possession.

(3)    In the recent case of *Black* v. *Special School District No.* 2, 116 Ark. 472, we held that the directors of school districts, whether common or special, are not the custodians of the funds of their respective districts.    Under this decision, if the petition, by proper allegations, had shown that the directors were in possession of the funds of the district, which they, upon demand, had refused to pay over to the county treasurer as the legal custodian of such funds, then mandamus might lie to compel them to do so.    But, taking all of the allegations of the petition together, no such case is presented.    On the contrary, the allegations of the petition show that the directors had loaned out the funds to the bank and to one of the members of the board of directors.    It is clear, therefore, that appellants could not have compelled the directors to restore a fund that they had already loaned and over which they had no control.

(4)    Mandamus, as defined by our statute, "is an order of a court of competent and original jurisdiction commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law," etc.    Kirby's Dig., section 5156.

It is clear that if the money had been loaned to the bank and Sanderson, as stated in the petition, mandamus would not lie to compel them to pay the money into the county treasury.    Even though the board had proceeded unlawfully to loan the money to the bank and Sanderson, mandamus would not lie to compel restitution on their part, and the writ could not be made effective as against the board of directors, because, as appears in the petition, they did not have possession of the funds.

In *Fitch* v. *McDiarmid, supra,* many authorities are cited, and among them the court quotes the following from *The People* v. *Thompson,* 25 Barb. 76: ''The invariable test by which the right of a party, applying for a mandamus, is determined, is to inquire, first, whether he has a clear legal right; and if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right; if there is, he can not have a mandamus. The writ only belongs to such as have legal rights to enforce and find themselves without an appropriate legal remedy.''

Under the facts stated in the case at bar it suffices to say, if the money was unlawfully in the possession of Sanderson and the bank, under a contract of loan made with them by the board of directors, this money can be recovered, but mandamus is not the appropriate remedy and is certainly not the only remedy, and the court did not err in so holding, and did not abuse its discretion in refusing the writ and in dismissing appellant's petition. The petition did not state any cause of action for injunction. The judgment is therefore affirmed.