## PATTERSON *v.* COLLISON.

### Opinion delivered July 1, 1918.

1. ROADS—PURCHASE OF TRACTION ENGINE AND ROAD GRADER BY COUNTY JUDGE AND ROAD OVERSEER.—The purchase of a traction engine and road grader by the county judge and the road overseer of a certain district is valid under Kirby's Digest, sections 7324 to 7352, inclusive.

2. APPEAL AND ERROR—ACTS OF COUNTY JUDGE AND ROAD OVERSEER—PURCHASE OF EQUIPMENT—IRREGULARITIES—APPEAL.—When the county judge and a road overseer purchased certain road building machinery, and their acts were approved by the county court, an objection to any irregularity in the proceeding should be made by way of appeal.

3. COUNTY TREASURER—PAYMENT OF FUNDS—MANDAMUS.—Mandamus is not a writ of right, but it is within the discretion of the court to withhold the same; so a county treasurer will not be subjected to an order compelling him to pay out money for a certain road district, in the absence of proof that he has any money in his hands belonging to the said district.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. N. Rachels* and *Miller & Yingling,* for appellants.

1.   All contracts in excess of the revenue are illegal and there can be no innocent purchaser.   120 Ark. 364; Kirby's Digest, § § 7314, 7318; 118 Ark. 524; 117 S. W. 43; 127 Ark. 474; 122 *Id.* 561.

2.   Defendants are officers and limited by the law. They had no authority to make the purchase or bind the district.   54 Ark. 446.   Mandamus never lies to compel officers to do an act not authorized by law.   47 Ark. 80; 104 *Id.* 583; 102 *Id.* 484.

3.   The commissioners had no authority to O. K. plaintiff's claim, and if so, no such demand was made as required by law and the claims were illegal, being based on void contracts.   9 Ark. 320; 32 *Id.* 676; 47 *Id.* 80; 61 *Id.* 339; 102 *Id.* 407; 104 *Id.* 583; 54 *Id.* 446-8; 122 *Id.* 337.

4.   The warrants or orders of a county are not negotiable instruments and no one is an innocent purchaser of them.   98 Ark. 304; 120 *Id.* 481.

5.   District 16 no longer existed.   The Cotton road law was in force and the purchase was void.   K. & C. Dig., § § 9034 to 9067.   Any contract in excess of the amount appropriated and to be collected is void.   118 Ark. 532.   The road overseer had no authority to incur the indebtedness.   120 Ark. 363.

6.   Mandamus is not a legal right, and a judgment will be reversed where great injustice is done.   10 Ark. 428.   See also 21 *Id.* 329; 127 *Id.* 323; 77 *Id.* 216; 125 *Id.* 332; 47 *Id.* 80; 122 *Id.* 340; 36 Cyc. 1112-13; 117 U. S. 567.

7.   It is not shown that there was any money in the treasury to the credit of the district.   54 Ark. 446.

8.   The claims were fraudulent.   No legal demand was proven nor that plaintiff had no other legal remedy. The claim was unauthorized, and the contract unlawful. 112 Ark. 95; 118 *Id.* 530.

*Culbert L. Pearce* and *Brundidge & Neelly,* for appellee.

1.   The purchase was made under the amendment No. 5, road law, and was authorized by law.   The Cotton law was not in force but under Amendment No. 5 law the

judge and overseer had authority to make the purchase. Kirby's Digest, § § 3340 to 3351; 165 S. W. 631; Kirby's Dig., § § 7337, 7325-7.

2.  The machinery was received, accepted and used and the claim properly presented and allowed.  7 R. C. L. 926, § 22; 122 Ark. 557; 127 *Id.* 473.

3.  County court allowances are judgments and subject to attack only by appeal.  Kirby's Dig., § 1487; *Ib.* § § 1174-9; 118 Ark. 524.

4.  Warrants may be issued in excess of appropriations.  34 Ark. 356.

5.  Road District 16 was not out of existence because no tax was voted in the September election of 1914.  The debts contracted during the period of valid organization remained valid obligations.  7 A. & E. Enc. Law (2 ed.), 947.  See also 67 Ark. 236; 81 *Id.* 143; 87 *Id.* 389; 95 *Id.* 26; 122 *Id.* 557.

6.  Mandamus was the proper remedy.  Kirby's Digest, § § 6065-6; 43 Ark. 66; 45 *Id.* 121; 19 A. & E. Enc. Law (2 ed.), 805.

7.  The claim was duly presented and allowed.  84 Ark. 329; 7 R. C. L. 926, § 22, etc.

8.  District 16 is identical with Gray township, of which defendants are commissioners.  7 Wall. (74 U. S. L. Ed. 53) ; 93 U. S. 266.

9.  There were funds on hand; if not sufficient all on hand should have been paid and new warrants issued for the balance.

STATEMENT OF FACTS.

On the 6th of July, 1914, the county judge of White County and the road overseer of Gray township, which constituted Road District No. 16, purchased a traction engine and a road grader for use on the roads of that district for which they agreed to pay $2,190.83, evidenced by promissory notes for different amounts payable at different times.  One note payable in 1915, one in 1916, and two in 1917.  All the notes except the last were presented, audited, examined and allowed by the county court and warrants were issued covering the several

amounts allowed. The last note was for $727.67, due July 6, 1917. This note has not been presented to and allowed by the county court. J. Collison purchased the warrants and the last note for valuable consideration. He presented the warrants and the note held by him to the chairman of the board of commissioners of Road District No. 16, who refused to recognize the validity of the warrants and note. The warrants and the note were then presented to the treasurer for payment and he refused to pay the same. Collison then instituted this action by petition for mandamus in which he set up the above facts, and alleged further that J. V. Crockett, the county treasurer, had in his hands to the credit of Road District No. 16 approximately $2,000; that he refused to pay appellant's warrants and note or any part thereof and that unless restrained until this petition was heard there would be no funds to the credit of the district out of which the petitioner's claims could be paid. He prayed for a writ of mandamus commanding the defendants, the commissioners of Road District No. 16, and the treasurer, to pay the warrants or as much thereof as practicable and issue new warrants for the balance to mature in one and two years and that they be enjoined from paying out the funds in the hands of the treasurer to the credit of the district until a hearing could be had on the merits of the petition.

The defendants responded denying all allegations of the petition and setting up that if the claims had been allowed by the county court that same were a fraud upon the court; that the county judge and the road overseer had no authority to purchase the tractor and road grader for which the debt was incurred. The response further alleged various other reasons why the judgment of the county court, allowing the claims for which the warrants were issued, was void, which it is unnecessary in the view that we have taken to set forth. They alleged that the commissioners, the defendants, had no power or authority to incur, pay, or O. K. any debts of the kind or character set up in the petition.

The testimony on behalf of the petitioner tends to prove substantially the facts set up in his petition, except as to the money in the hands of the treasurer. The warrants and the note in controversy were presented to the chairman of the board of commissioners and also to the county treasurer, and payment was refused .

The county clerk testified that the warrants were issued in the regular way. They were issued for machinery bought by the road district, which machinery the road district received and used.

The records of the county court proceedings for 1913 show that at its October term there was a three mill tax levied for good road purposes. In the year 1914 at the general election there was no road tax voted. The question of road tax was not on the ballot and was not voted on. The three mill road tax was voted at general election of 1912 and was levied in 1913 and 1914.

The attorney for the petitioner called on the county treasurer for the payment of the warrants and the treasurer refused payment, stating that he had written the Attorney General about the matter and that the Attorney General advised that he was not the proper person to pay it; that the road commissioners would have to issue it.

The court made a general finding in favor of the petitioners and entered an order directing the commissioners of Road District No. 16 to draw commissioners' warrants for the sums claimed by the petitioners, including the note for $727.67, which had not been allowed by the county court. The order directed the treasurer of White County to pay the warrants out of any funds he had belonging to the road district and directed him to retain funds in his hands sufficient to pay the warrants and the costs of the suit. From that judgment is this appeal.

WOOD, J., (after stating the facts). (1) The indebtedness, which appellee seeks by this proceeding to have the appellants pay, accrued under the laws passed in pursuance of amendment No. 5 to the Constitution,

designated in Kirby's Digest as "public road tax" and set forth in sections 7324 to 7352 inclusive.

Authority for the purchase is found in sections 7348, 7349 and 7351. The last section provides that the cost of such implements as mentioned herein "shall be paid for out of the county treasury on warrants properly drawn and allowed by the county court out of the money in the treasury to the credit of the road district, in which said tools and implements are purchased and used." While the implements in suit were purchased by the county judge and road overseer and not by a road commissioner, that fact did not invalidate the purchase as it was subject to the approval of the county court and was by the county court approved.

The appellants contend that what is commonly designated as the "Cotton Road Law," set forth in sections 7290 to 7323, Kirby's Digest, was in operation at the time the implements in suit were purchased and that under the limitations of that law the purchase was unauthorized and void.

But, inasmuch as we have concluded that the debt in controversy was not incurred under the provisions of that law, it follows of course, that the limitations and restrictions therein referred to, upon which appellants rely, are not applicable to the facts as we have found them, and we therefore pretermit a discussion of the issue as to whether or not the claim in suit would be valid under the Cotton Road Law. It suffices to say the restrictions upon which appellants rely for invalidating the claim under the Cotton Road Law are not contained under the laws pursuant to amendment No. 5.

(2) The appellants alleged that the claims were allowed by the county court through the fraudulent representations of the appellee or his agents, but there is no proof of any fraudulent practices upon the court. Since the overseer and the county judge with the approval of the county court were authorized to make the purchase, the allowance of the claims by the county court in the absence of fraud practiced upon it was a judgment in

favor of the appellee and impervious to the other errors and irregularities which appellants invoked to overturn same.

These alleged errors and irregularities should have been taken advantage of on appeal. See *Izard County* v. *Vincennes Bridge Co.,* 122 Ark. 557; *Monroe County* v. *Brown,* 118 Ark. 524.

The note, however, for $727.67, at the time this action was brought, had not been presented and allowed by the county court.

But it does not follow that because the appellee holds valid judgments against Road District No. 16 mandamus will lie to compel the appellants as commissioners of the district to issue warrants for the amount of the judgments and to compel the county treasurer to pay those warrants.

(3) "Mandamus is not a writ of right but it is within the judicial discretion of courts to issue or withhold same, and a party to be entitled to the writ must show that he has a clear legal right to the subject matter and that he has no other adequate remedy." *State* v. *Board of Directors of School District of Ashdown,* 122 Ark. 337.

The petition alleged that the road district had to its credit, in the hands of the county treasurer, approximately the sum of $2,000. This allegation is specifically denied in the response. We fail to discover in the abstract of appellants or the appellee any proof whatever of this allegation. The burden was upon the appellee to make the proof.

A county treasurer will not be subjected to an order compelling him to pay out money for Road District No. 16 when there is no proof that he has in his hands any money belonging to such district. An order made under such circumstances is an abuse of the court's discretion.

Under this view of the case it becomes wholly unnecessary to determine whether or not special act No. 33 of 1915, providing for the office of road commissioner of White County, is constitutional. That act has not been

directly challenged here and we refrain from deciding that question.

The judgment is, therefore, reversed and the cause is remanded.