NEW ST. MARY'S GIN, INC. *v.* MOORE.

5-2147                                                    334 S. W. 2d 683

Opinion delivered April 11, 1960.

*Burke & Roscopf,* for appellant.

*John L. Anderson,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, New St. Mary's Gin, Inc., instituted this action to mandamus the assessor and members of the equalization board of Phillips County to assess appellant's property in accordance with a manual published by the Assessment Coordination Division of the Public Service Commission. The complaint alleges that the property was appraised at a value of $48,000 by the assessing authorities, but that the appraised value would have been only $23,600 if the method of appraising as set out in the

above mentioned manual had been used. The complaint further alleges that appellant by its attorney appeared before the equalization board and requested that appellant's property be appraised in accordance with the method set out in the manual and that the equalization board refused to comply with such request. The complaint alleges that the Arkansas Appraisal Service Co., Inc., was employed by the County to appraise the property within the county for tax purposes; that the appraisal of appellant's property was too high and that the appraisal value was adopted by the assessor and approved by the equalization board. In short, appellant seeks to reduce the appraised value by mandamus. Appellees demurred to the petition for mandamus. The trial court sustained the demurrer, and New St. Mary's Gin, Inc., has appealed.

Appellant concedes that ordinarily the remedy in a situation where the equalization board refuses to lower the assessed values of property is by appeal to the county court, but contends that under the authority of Act 153 of 1955 as amended by Act 307 of 1957, the court erred in refusing to grant mandamus requiring appellees to use the valuation for assessment as set out in the manual prepared by the Assessment Coordination Division of the Public Service Commission. The Acts mentioned set forth the procedure to be followed by county assessors, county boards of equalization, the Public Service Commission, county judges, and quorum courts, in a complete program of re-appraisal of the property in this State. It appears from the complaint that pursuant to these provisions the Assessment Coordination Division prepared certain manuals which are to be used in the re-appraisal program. As also authorized, Phillips County employed a private concern to make appraisals of the property within the county. Appellant complains that the assessment of the property as made by the private concern is not in conformance with the valuation set out in the manual as required by the above enactments. The specific language relied on by appellants is as follows:

" 'Section 5 (A). It shall be the duty of the County Assessors and their deputies to use and follow the assessment Manuals and standards promulgated by the Assessment Coordination Department, and to use the forms prescribed and furnished by said Assessment Coordination Department in making such appraisal and assessment and to collect and record the date [data] thereby required. It shall also be the duty of the County Equalization Boards, in performing their duties, to recognize and follow such Manuals and standards, and the County Equalization Boards shall not change an assessment made by the County Assessor unless such change is necessary to provide uniformity in the assessment of similar classes of property. It shall also be the duty of the County Judges, in hearing appeals from the County Equalization Boards, to recognize and follow such Manuals and standards, and a County Judge shall not change an assessment unless such change is necessary to provide uniformity in the assessment of similar classes of property.' "

"SECTION 13. All duties imposed by this Act on all state and county officers are hereby declared to be mandatory, and any officer who neglects, fails or refuses to perform any such duty shall be subject to removal from office and liable on his official bond for such neglect, failure, or refusal. Upon the refusal or failure of any state officer to perform any duty imposed upon him under the provisions of this Act, any citizen of the State may, and the Attorney General of the State of Arkansas shall, institute in the proper court mandamus proceedings to compel such state officer to perform his duties. Upon the refusal or failure of any county officer to perform any duty imposed upon him under the provisions of this Act, any citizen of the county may, and the Prosecuting Attorney of the district including such county shall, institute in the proper court mandamus proceedings to compel such county officer to perform his duties."

It should be pointed out that the above language must be read in the light of the entire Act. Section 2 thereof contains the following expression:

"SECTION 2. The Arkansas Public Service Commission (in this Act hereinafter called the 'Commission') shall furnish guidance, instruction and assistance to the County Assessors in the performance of their duties under this Act. The Commission shall not have the authority to assess or re-assess any property now required by law to be assessed by County Assessors, or to order the assessment of the property of any designated taxpayer at any specified amount. It is the intention of this Act that the Commission have and exercise the duty and responsibility of coordinating and supervising the work of the County Assessors and County Equalization Boards in such manner as to provide uniformity of methods, procedures and results in the several counties of the State."

We have heretofore held that a taxpayer cannot enjoin an assessment where he has failed to exhaust his remedies of appeal from action or inaction by the county board of equalization. *Jones* v. *Crouch,* 231 Ark. 720, 332 S. W. 2d 238.

In the case of *State* v. *Board of Directors, School Dist. of Ashdown,* 122 Ark. 337, 183 S. W. 747, we said: "As early as *Fitch* v. *McDiarmid,* 26 Ark. 482, this court held that mandamus, with us, is not a writ of right, but is one within the judicial discretion of courts to issue or to withhold, and that a party, to be entitled to the writ must show that he has a clear legal right to the subject matter, and that he has no other adequate remedy. . . .

"In *Fitch* v. *McDiarmid, supra,* many authorities are cited, and among them the court quotes the following from *The People* v. *Thompson,* 25 Barb. 76 [N. Y.] : 'The invariable test by which the right of a party, applying for a mandamus, is determined, is to inquire, first whether he has a clear legal right and if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right; if there is, he can not have a mandamus. The writ only belongs to such as have legal rights to enforce and find themselves without an appropriate legal remedy.' "

To the same effect are *Patterson* v. *Collison,* 135 Ark. 105, 204 S. W. 753, and *Snapp* v. *Coffman,* 145 Ark. 1, 223 S. W. 360. Act 153 of 1955, § 13, does not authorize mandamus where there is an adequate remedy by appeal.

It appears to us that the type of conduct for which mandamus would lie under the Acts in question is not the kind complained of in this instance. Here the county assessor was engaged in a program of re-appraisal as prescribed by the Legislature. The alleged erroneous assessment was not the result of failure on his part to act, but arose out of the mechanics of going forward with the reassessment program. Appellant was provided with a method of appeal from the board of equalization. Ark. Stat. § 84-708. This he did not choose to do.

Affirmed.